JACOB MUSHRUSH v. HENRY ZARKER et al.

REVIEW — *General Finding and Judgment, Not Disturbed.* Where a case is tried by the court, and a general finding is made in favor of the defendants, and no special findings are requested or made, the general finding includes every material fact necessary to sustain a judgment based upon such finding; and where there is some evidence to support the general finding and judgment, they will not be disturbed by the supreme court.

*Error from Shawnee District Court.*

THE opinion states the facts. Judgment for defendant *Zarker*, and others, at the September term, 1889. The plaintiff, *Mushrush*, brings the case here.

*Eugene Wolfe* and *Hazen & Isenhart*, for plaintiff in error.

*Vance & Campbell*, for defendants in error.

Opinion by GREEN, C.: Jacob Mushrush owned $162\frac{1}{2}$ acres of land in Menoken township, in Shawnee county, upon which he resided with his family until the fall of 1887. In November, 1885, he leased to J. D. Small one acre in the southeast corner of the farm, near the Menoken depot, for the term of four years, for the purpose of carrying on the business of buy-

ing, selling, shipping and doing a general grain business. The lessee was to have the privilege of erecting cribs, scales and bins upon the leased ground. This lease was assigned to the Capital Elevator Company in 1888. Cribs, bins and scales were erected, and a general grain business was conducted on the leased premises. In the fall of 1887 the plaintiff in error removed his family to Lawrence, for the purpose of educating his children. He leased a portion of his farm to his brother-in-law for crop rent, but reserved some rooms in the house, in which he stored some household goods, and occupied with members of the family, as occasion required. He cultivated a portion of the farm himself, and worked upon the premises during the farming season. Henry Zarker obtained a judgment against Mushrush in July, 1888, upon which an execution was issued, directed to the sheriff of Shawnee county, which was levied upon a fraction less than two acres of land, including the leased ground, in the southeast corner of the premises. The plaintiff in error notified the sheriff that he claimed the whole tract as his homestead. He served another notice a·short time before the sale that the land levied upon was a part of the 160 acres selected as his homestead from the $162\frac{1}{2}$ acres, and that the sheriff might levy his execution upon the remainder of the farm, consisting of a strip of land 73 links wide, containing $2\frac{1}{2}$ acres, on the northern boundary of the place, the meandering center of which was Soldier creek, which counsel for defendant in error are pleased to describe as "a strip almost entirely in the bed of that classic stream, crooked as a ram's horn, and as worthless as a lease on the shifting clouds." This action was commenced by the plaintiff in error to enjoin the sale of the land levied upon by the sheriff, because it was alleged to be a part of the homestead, and therefore exempt from forced sale. The defendants below denied that the tract levied upon was a part of the homestead of the plaintiff. The case was tried by the court, and resulted in a general finding and judgment for the defendants. There were no special findings of fact.

It is earnestly contended by counsel for plaintiff in error

that the land levied upon was not subject to sale upon execution; that there had been no abandonment of the homestead, or any portion of it, by the debtor and his family. This involves a question of fact. That question was submitted to the trial court and a general finding was made in favor of the defendants below. We are strongly impressed with the argument of counsel, and are inclined to the position taken by them upon the law of the case, but, unfortunately, the record is in such a condition that we cannot extend relief to the plaintiff in error. We cannot say there was an utter lack of evidence to support the general finding of the court. No special findings were asked or made by the court; so we only have the general finding and judgment of the trial court to guide us. We must adhere to the long-established principles and the numerous decisions of this court, that the general finding of the court trying the case includes in it every material fact necessary to sustain it, and that, where there is any evidence to support such general finding, a judgment based thereon cannot be disturbed by the supreme court.

We recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.