E. F. KIRWAN *et al.* v. THE UNITED STATES NATIONAL BANK.

No. 36.

TRIAL BY COURT—*General Findings—Review.* Where a case is tried by the court, and a general finding is made in favor of the defendant, and no special findings are requested or made, the general finding includes every material fact necessary to sustain a judgment based upon such finding; and where there is some evidence to support the general finding and judgment they will not be disturbed by an appellate court.

MEMORANDUM.—Error from Atchison district court; ROBERT M. EATON, judge. Action by E. F. Kirwan and others, partners as Kirwan & Tyler, against The United States National Bank. Judgment for defendant. Plaintiff brings the case to this court. Affirmed. The opinion herein was filed January 9, 1896.

The statement of the case, as made by GILKESON, P. J., is as follows:

The plaintiffs in error, for some years prior to 1889,

and during the times of the transactions herein complained of, were engaged in the manufacture and selling of fruit-cans in Baltimore, Md. The United States National Bank was at the same time a banking corporation at Atchison, Kan. Prior to 1889, the firm of Sheppard, Jager & Co. was engaged in the fruit-canning business in Atchison, Kan., and had been doing business with Kirwan & Tyler, sometimes through the bank and sometimes not. In 1888, the firm of Sheppard, Jager & Co. evidently dissolved partnership, Jager retiring from the firm, and from that time it was known as the Sheppard Canning Company, Chas. N. Sheppard having assumed sole charge of the business. At the time he took charge, he visited Baltimore and called upon the plaintiffs in error in reference to purchasing cans of them to carry on his business, and made arrangements with them by which he was to have one car-load of cans shipped to him on 30 and 60 days, for which he was to give his notes. This car was shipped as per the agreement, and notes given, due respectively June 22 and July 19, 1889. About July 2, 1889, a second car-load was shipped by Kirwan & Tyler to the Sheppard Canning Company, with sight-draft for the price, $973.50, attached, and bill of lading was sent to the defendant in error, at Atchison. This sight-draft was paid by the Sheppard Canning Company. On the 31st of July, 1889, the Sheppard Canning Company ordered another car-load of cans from Kirwan & Tyler, which was shipped on August 1, 1889, railroad receipt taken by them, which shows the consignors shipped it to themselves, or, in commercial parlance, to "shipper's order," viz., under the head of "marks and consignee" on the bill of lading was the entry, thus: "Order Kirwan & Tyler, notify Sheppard Canning

Company, Atchison, Kan." On the same day Kirwan & Tyler drew a sight-draft for this car-load of cans on the Sheppard Canning Company, as follows:

"$862.95.                         BALTIMORE, August 1, 1889.

"At sight, pay to the order Kirwan & Tyler eight hundred sixty-two and $\frac{95}{100}$ dollars, value received, and charge to the account of Kirwan & Tyler.

"*To Sheppard Canning Company, Atchison, Kan.*"

On this was indorsed as follows: " Pay to the order of the United States National Bank, Atchison, Kan., for collection.—KIRWAN & TYLER."

The sight-draft with bill of lading attached was sent by mail to the United States National Bank and received by it. The letter of transmittal was as follows:

"BALTIMORE, August 1, 1889. .

"*United States National Bank, Atchison, Kan.:* GEN-TLEMEN—Inclosed please find sight-draft on Sheppard Canning Company, $862.95. These cans must not be delivered until remittance is made to us for previous shipments. Please notify us at once upon receipt, if previous remittance is not made. Yours respectfully,                         KIRWAN & TYLER."

It is concerning the price of this car-load of cans that the controversy in this case had arisen. It appears that there were other cars shipped by the plaintiffs in error to the canning company, amounting in all to six car-loads.

Plaintiffs in error were plaintiffs below, and brought suit to collect the amount of the draft August 1, 1889. The allegations of their petition are: That the sight-draft, with bill of lading attached, was sent to and by due course of mail was received by and came into the hands of the defendant in the usual and ordinary course of business, and that thereupon it became the duty of the defendant to collect the same before

44—2 APP.

delivering the bill of lading or the property to the Sheppard Canning Company. It is also averred that the defendant did collect the amount of the sight-draft from the Sheppard Canning Company, and retained the same and refused to pay it over to them. The defendant in its answer admits that the sight-draft and bill of lading attached came into its hands by mail, but denies that it came into its hands in the usual and ordinary course of business, and avers that said car-load of cans was shipped under the special agreement with Mr. C. N. Sheppard, and that said bill of lading was turned over to Sheppard Canning Company by special authority from plaintiffs to the defendant to so turn said bill of lading upon payment, to wit, of all money obligations then due to the plaintiffs from said Sheppard Canning Company theretofore placed in the hands of the defendant for collection. Defendant also denies that it has collected the sight-draft or retains the proceeds thereof, and tenders the draft in the court. Reply filed of general denial. Jury waived. Cause was tried by the court. Judgment entered for defendant. Motion for a new trial overruled, and plaintiffs bring the case here for review.

*J. F. Tufts,* for plaintiffs in error ; *T. S. Brown,* of counsel.

*W. F. Guthrie,* for defendant in error.

The opinion of the court was delivered by

GILKESON, P. J.: The cause of action set forth in the plaintiffs' petition is for money had and received ; that the defendant bank had collected the draft mentioned, and failed, neglected and refused to turn the proceeds thereof over to them. This is denied by the

defendant in error as one of its defenses, and as a further defense, it claims that it delivered the car of cans in compliance with the letter accompanying the draft, and if there was any mistake made it was an honest mistake on its part, and it was justified in doing as it did under the terms of the instructions given.   It is evident that it did not collect the draft as it made a tender of it in court ; and we are inclined to the view taken by it with reference to the delivery of the car.   The language used in the letter of instructions is susceptible of two constructions, and, as there is not testimony in this case tending to establish any collusion or bad faith upon the part of the defendant in error, we do not think it should be held liable for an honest mistake which the plaintiffs in error made possible to occur.   They had it in their power when choosing the language to make themselves perfectly understood, but failed to do so, and we think it is the universal rule that

"in all cases where a written contract is susceptible of two constructions, and a party has acted thereon upon a construction consistent with honest intention and good faith on his part, and the trial court gives such construction thereto, an appellate court will not overturn or set aside the judgment."

And this is particularly true where the written instrument is in the form of instructions, and the party required to act thereunder had no voice in the making thereof.   The language therein being ambiguous, it should be most strongly construed against the maker. In this case the court made a general finding in favor of the defendant, and the rule has been adopted in this state that

"where a case is tried by the court, and a general finding is made in favor of the defendants, and no

special findings are requested or made, the general finding includes every material fact necessary to sustain a judgment based upon such finding ; and where there is some evidence to support the general finding and judgment, they will not be disturbed by the supreme court.'' (*Mushrush v. Zarker*, 48 Kan. 382.)

And there is not only some evidence to support the general findings in this case, but the evidence strongly supports every material fact necessary to be found in this case to sustain the judgment.    But, on examination of the issues presented by the plaintiffs' petition, we are compelled to affirm this judgment.    The cause of action set out therein, as we have said, is for money had and received, yet the plaintiffs failed to show by any evidence that the defendant collected the sum of $862.95, the amount of the draft they claim it had refused to turn over, but retained it to its own use. There is an absolute failure of evidence to support this allegation of the petition, and the question therefore presented to us is not one of the parties' rights upon evidence, but upon evidence within the issue. The most favorable construction that could be placed upon the plaintiffs' pleadings in this case would be to say that the petition presented a claim of liability upon two counts : (1) That the defendant collected the sum of $862.95, which it refused to turn over to the plaintiffs and retained to its own use ; and (2) that the defendant refused to return the bill of lading or account for the car-load of cans, reasonably worth the sum of $862.95, the market value thereof.    The first claimed ground of liability was, upon the testimony, or rather upon the lack of testimony, decided adversely to the plaintiffs, and therefore settled, and the second claimed ground of recovery, viz., the refusal to return the bill of lading or account for the cans, was abandoned by them, if they ever considered it as a

ground of recovery.   There is not a syllable of testimony as to the market value of the cans, nor is there any showing of the value of the bill of lading.   There is, then, a total failure of proof on every material allegation necessary to support this ground of recovery, and a failure of proof (even under the liberal construction of the pleadings) of every material fact in this case, and this failure is fatal.

"A party can allege one thing and support it by proof of an entirely different state of facts." (*U. P. Rly. Co. v. Young*, 8 Kan. 658.)

The judgment in this case will be affirmed.

All the Judges concurring.