HENRY CORDES v. S. H. CUSHMAN.

No. 15,538.    (101 Pac. 460.)

SYLLABUS BY THE COURT.

CONTRACTS—*Conditional Exchange of Properties—Cancelation of a Deed—Improvements.* Pending negotiations between parties for the exchange of real estate the deeds were placed in the possession of an agent to hold until satisfactory abstracts of title were furnished. Abstracts were produced which the holder of the deeds deemed sufficient, and he delivered the deed executed by the plaintiff and had it placed upon record. The plaintiff was not satisfied with the abstract furnished to him. The defendant, however, upon assurances that a perfect abstract would be procured, obtained the consent of the plaintiff to repair the property which he expected to receive, so as to have it suitable for occupancy when the exchange was consummated. The abstract could not be procured, and the plaintiff brought a suit to cancel his deed. The court decreed that the deed be canceled, but ordered that the plaintiff pay the reasonable value of the repairs made by the defendant. *Held,* not error.

Error from Crawford district court; ARTHUR FULLER, judge. Opinion filed April 10, 1909. Affirmed.

*Sanford Pettibone,* for plaintiff in error.

*O. T. Boaz,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: This is a suit to cancel a deed. Henry Cordes, the plaintiff, owned a residence property in the city of Pittsburg, in Crawford county. S. H. Cushman claimed to be the owner of 320 acres of land in Phillips county, Colorado. Negotiations through Frank Marsh, a real-estate agent, resulted in an agreement to exchange these properties. Deeds were executed and placed in the hands of Marsh to hold until abstracts of title were furnished by the parties showing good title to their respective properties. Cushman presented a paper claimed to be a good abstract to the Colorado

Cordes v. Cushman.

land, one which the holder of the deeds regarded as sufficient, but it was not satisfactory to Cordes. Marsh delivered the deed executed by the plaintiff and placed it upon record for Cushman. Cordes occupied his residence personally except for a short time during which he was absent from the state. Cushman insisted that he would make the abstract he was to furnish satisfactory, and, with the knowledge and consent of Cordes, proceeded to make repairs upon the house for which he was trading, so as to have it suitable for occupancy or sale when the transfer was completed. A satisfactory abstract to the Colorado land was not produced, and Cordes commenced this suit to cancel the deed he had executed, which had been recorded without his· knowledge or consent.

On the trial the court found the abstract insufficient, and decreed that the deed be canceled, but, as a condition to the decree, adjudged that the plaintiff pay the defendant the value of the improvements the latter had placed on plaintiff's property. To reverse this part of the decree the plaintiff prosecutes error.

The evidence shown by the abstract is very meager and unsatisfactory. It appears, however, to be conflicting upon all essential and important points. In view of this situation we are compelled to assume that the trial court found the facts sustained which would uphold the decree. (*Mushrush v. Zarker*, 48 Kan. 382, 29 Pac. 681; *Blanchard v. Jackson*, 55 Kan. 239, 247, 37 Pac. 986; *Railway Co. v. Albers, ante,* p. 59.)

We conclude, therefore, that Cushman thought he had a good title to the Colorado land, and expected to produce an abstract that would show such fact, in which case the exchange of properties would have been consummated. It was but natural under such circumstances that he should wish to place the house he expected to own in good repair. It was natural, also, that Cordes, who expected the trade to be completed, should permit the repairs to be made. It was not dis-

covered that Cushman could not furnish a good abstract until after the repairs were practically finished. They consisted of papering and painting eight of the rooms, and in putting coal-tar on the roof. If the plaintiff's deed had been canceled and no provision made concerning these improvements the defendant, Cushman, would necessarily have lost them, and Cordes would have been benefited to that extent. The plaintiff was presumably anxious to complete the trade, and was prevented by Cushman's wrong in failing to produce a good abstract. He claims that for this reason it is inequitable to compel him to pay for improvements thus wrongfully forced upon him. On the other hand, Cushman furnished an abstract which he in good faith believed to be good, and on the strength of this supposition invested his money in making needed repairs upon the property, which he can not remove.

It would have been better, no doubt, if nothing had been done to the property until the trade had failed or was actually completed. The court, however, was compelled to deal with the situation as it was. The parties were each to blame for permitting it to exist. The suit being an equitable one, the court was charged with the duty of adjusting the claims of the parties in accordance with right and justice, and as far as possible to restore them to the same position they were in before they attempted to make the exchange. This seems to have been done. We are unable to see wherein the court committed material error. The judgment is affirmed.