UNION PACIFIC RAILWAY CO. v. WM. H. YOUNG.

ISSUE—PRACTICE; *Allegation and Proof must Correspond.* In an action by an employee against his employer for injuries caused by the negligence of a fellow-servant, an allegation that the employer knew of the latter's incompetency, is not supported by proof simply of an employment without reasonable inquiry as to fitness. Employment without reasonable inquiry is a different issue from continuance in service after knowledge of incompetency, though they may be equal in their results so far as fixing the liability of the employer.

*Error from Leavenworth District Court.*

ACTION by *Young* to recover damages for the loss of a hand while in defendant's service. The case is almost exactly like that of the *Union Pacific Rly. Co. v. Milliken,* ante, p. 647. Crane was the name of the engineer whose alleged incompetency and negligence caused the injury. The case was tried at the May Term 1869. The instructions given and refused, so far as they are material to the question decided, are stated

in the opinion. Verdict and judgment for plaintiff for $9,000 damages. The railway company bring the case here on error.

*E. W. Dennis*, for plaintiff in error.

*Clough & Wheat*, and *T. P. Fenlon*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This case, like the case of the same plaintiff in error against Milliken, just decided, was an action by an employee against his employer, for injuries resulting from the alleged negligence of a co-employee. Both cases were tried at the same term, before the same court. In both the permanent injury was the same, the loss of a hand, and happening while engaged in the same kind of service, that of attempting to couple cars. The two verdicts were respectively nine and ten thousand dollars. The first and last points considered in the opinion filed in that case exist in this, and the remarks there made apply with equal force here.

One other point in this case may be noticed. The petition, after alleging that the injury resulted from the negligence of the engineer, charges "that said defendant was at said date informed and fully aware that the said engineer had been for a long time theretofore and was then totally incompetent to perform the duties of an engineer, was careless, negligent, and reckless." There was no allegation that he had been employed without reasonable inquiry as to his fitness. The issue tendered was as to his continuance in service after knowledge of unfitness. True, these two allegations are equivalent, that is, equal in results. Each is equal to the other in fixing liability. Both may be alleged, and proof of either one would be sufficient. But though equal in results, they are not the same. They present different facts, involve distinct inquiries. An allegation of one tenders no issue as to the other, and opens the door to no inquiry concerning it. Nor is an allegation of the one supported by proof of the other. The court below, as though the allegation was of employment without reasonable inquiry as to fitness, gave this instruction:

"It is the duty of the defendant, by its proper officers, to use diligence in the selection of its engineers; and if the jury believe from the evidence that Crane was not a fit or a competent person to act as engineer, and that defendant employed him to act as engineer for it, and placed him as such engineer in charge of a locomotive to make up or run a train of cars, without having, by its proper officials, used due diligence in the matter of determining whether said Crane was fit or competent to act as such engineer, then if the jury believe from the evidence that in consequence of want of skill or care arising from such incompetency on the part of said Crane, the hand or wrist of the plaintiff was, without negligence on his part, crushed while he was attempting to couple cars of said defendant's in a train being made up on its road, or a switch or turn-out thereof, of which said Crane was for said defendant acting as engineer, and that the plaintiff was at the time at the instance of the proper officers of said defendant assisting in making up such train, they must find for plaintiff and assess his damages at such sum as the jury believe from the evidence he sustained thereby."

And the court refused to give the following instruction:

"The burden of proof is on the plaintiff to show the fault in the defendant specified in the petition. The fact of his injury does not prove it. It must have been proved in the case that the engineer was not only incompetent, but that such an incompetency was known or ought to have been known by the defendant."

A ruling opposite to that made upon these two instructions would have been more correct. The judgment will be reversed.

VALENTINE, J., concurring.