CHARLES MILLER v. MARTHA KRUEGER.

1. REPLEVIN; *Finding; No Error.* In an action of replevin, where the pleadings admitted that the property was worth $5,153.96, and the plaintiff recovered, and the jury found that the property was worth only $4,268.51, and judgment was rendered accordingly, *held*, not error as against the defendant.

2. ——— *Valid Mortgage and Bill of Sale.* A husband, being financially embarrassed and owing his wife $4,268.51, executed a chattel mortgage to her on certain property to secure such debt, and in a few days afterward executed a bill of sale to her for the property, also to secure said debt and to secure another debt of $1,075 which the husband owed to a third person, and for the payment of which the wife was his surety and was liable; and the wife at the time believed the property to be worth $10,000, while in fact it was worth only about half that amount; and she at the same time acted in good faith, believing that the property was only a fair security for said debts,

and not intending to defraud any person, or to hinder or delay cred-
itors, further than the honestly securing of her own debt might lead
to that result: *Held,* That the fact that the wife believed the prop-
erty to be worth much more than it was in fact worth does not ren-
der either the mortgage or the bill of sale void.

3. HUSBAND AND WIFE; *Contracts; Equity; Judgment, Not Erroneous*.
And in such a case, where the wife had the possession of the prop-
erty under her mortgage and bill of sale, and a sheriff levied upon
and seized it by virtue of certain executions and orders of attach-
ment, claiming the property to belong to the husband, and the wife
then brought an action of replevin against the sheriff for the prop-
erty, and in such action the jury found in her favor, and found the
property to be worth $4,268.51, and the court rendered judgment
accordingly, *held,* that it it is not inequitable or unjust to enforce
the aforesaid contracts between the husband and wife to that extent,
and that such judgment is not erroneous.

## *Error from Ellis District Court.*

REPLEVIN, brought by *Martha Krueger* against *Charles
Miller.*    Judgment for the plaintiff at the November Term,
1884.    The defendant brings the case here.    The opinion
states the facts.

*D. C. Nellis, J. D. McFarland,* and *Reeder & Reeder,* for
plaintiff in error.

*J. G. Mohler,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of replevin, brought
by Martha Krueger against Charles Miller, for the recovery
of goods, wares and merchandise alleged to be worth in the
aggregate the sum of $10,193.12, and also for damages in the
sum of $20,000.    The defendant in his answer admitted that
he detained the property in controversy, and that it was
worth the sum of $5,153.96, but denied that he detained the
same wrongfully or unlawfully; but, on the contrary, alleged
that he detained it rightfully, by virtue of certain levies made
by him upon the same as the sheriff of Ellis county, Kansas,
under certain executions and orders of attachment issued
against the property of Henry Krueger, the husband of the

plaintiff, and that the property at the time of the levies belonged to Krueger.  A trial was had before the court and a jury, and the jury rendered a verdict finding that the plaintiff was the owner of the property and was entitled to the immediate possession thereof, and that the same was worth $4,268.51; and upon this verdict judgment was rendered in the alternative that the plaintiff recover the property, or the said sum of $4,268.51, the value thereof, and the costs of suit.   The defendant, as plaintiff in error, brings the case to this court for review.

Under the pleadings the principal questions presented to the jury for their determination were: First, to whom did the property belong?  Second, what was the value thereof?   But under the evidence the second question was so modified that it might perhaps be more properly stated as follows: What was the value of the plaintiff's interest in the property?   Under the facts as shown by the pleadings and the evidence the plaintiff certainly had an interest in the property, but probably only to the extent of securing her for certain debts, a portion of which debts was due her, and the other portion she was liable for as a surety; and the defendant was entitled to all the remaining interest in the property.   It is admitted by the parties that on January 24, 1884, Henry Krueger owned the property, and on that day he executed a chattel mortgage for the same to the plaintiff, who was then and still is his wife, to secure the sum of $4,268.51, which sum, it is claimed by the Kruegers, was due from Krueger to his wife; but the defendant denies that Krueger owed his wife that sum, and admits that he owed her only the sum of $4,101.   On January 31, 1884, Krueger also sold, or at least gave a bill of sale for the property to his wife, the consideration therefor being the said sum of $4,268.51, and the further sum of $1,075, for which last-mentioned sum she was then his surety, and which sum she agreed to pay, making a total of $5,343.51 as the purchase-price.   The executions and attachments were subsequently levied upon the property.   The plaintiff claims the property under the foregoing chattel mortgage and under said

sale, while the defendant claims the property under the foregoing levies. The defendant also claims that the foregoing chattel mortgage and the sale were and are fraudulent and void, and therefore that his title to the property under the aforesaid levies is paramount to that of the plaintiff under the mortgage and sale. From the testimony of Mrs. Krueger, given on the trial of the case, it is probable that this sale was intended by her to be only to secure her for the said sum of $5,343.51, and therefore that the sale and the bill of sale amount only to a chattel mortgage. Some of the evidence, however, tends to show that the sale was intended to be an absolute sale, and that Mrs. Krueger believed the property to be worth about $10,000, although in fact it was not worth more than about half that amount. The evidence also shows that Mrs. Krueger took the possession of the property, through her agents, soon after the chattel mortgage was executed, and continued in the possession of the same until the aforesaid levies were made. The evidence also tends to show that when this sale was made the above-mentioned chattel mortgage was canceled. We are also inclined to think that the evidence fairly tends to show that the entire transaction and all the transactions, so far as Mrs. Krueger is concerned, were in entire good faith, and that her husband honestly owed her the aforesaid sum of $4,268.51; and that he also owed the aforesaid sum of $1,075, for which she was surety; and as the jury found in her favor we must assume that all these things were and are established as facts in the case.

The plaintiff in error, defendant below, claims that the finding of the jury that the property was worth only $4,268.51 is erroneous under the pleadings. Now this is technically true. The jury found the value of the property to be less than the pleadings alleged and admitted it to be; but as the jury found the property to belong to the plaintiff below, how can this finding of value prejudice any of the substantial rights of the defendant? The plaintiff below alleged that the property was worth over $10,000, and the defendant admitted it to be worth $5,153.96; and hence

1. Replevin; finding; no error.

it would seem that the jury should have found it to be worth at least $5,153.96. The plaintiff, however, under her chattel mortgage, had an interest in the property of only $4,268.51, just the amount which the jury found the property to be worth. Under the bill of sale, which we think was intended only as a security, the value of the plaintiff's interest in the property was $5,343.51; and if the property had been worth that amount—but under the evidence it probably was not—the jury should have found the value of her interest in the property to be $5,343.51. In all cases of replevin where the plaintiff has an interest in the property, but not the entire interest therein, and is also entitled to the immediate possession of the property, and the defendant is entitled to the remaining interest therein, but not to the possession thereof, and wrongfully detains the property from the plaintiff, the jury, in finding for the plaintiff, should find the value of *the plaintiff's interest* in the property, and not the value of the property itself. ( *Wolfley v. Rising,* 12 Kas. 535.)

The plaintiff in error, defendant below, further claims that the chattel mortgage and bill of sale are void for the reason that the plaintiff below when she accepted and received the same knew that her husband was financially embarrassed and believed that the property was worth $10,000. Now we do not think that this alone necessarily renders the mortgage and the bill of sale void. It is true that the plaintiff knew that her husband was financially embarrassed, and believed that the property was worth $10,000; but she also honestly believed that it was not more than a sufficient security to her for the debts of her husband due her and those for which she was liable, and had no actual intention of defrauding creditors or of hindering or delaying them in the collection of their debts, further than the honestly securing of her own debt might lead to that result. Besides, the property was not in fact worth $10,000. The defendant below does not claim that it was worth more than $5,153.96, and probably it was not worth more than that amount; while the jury found from the evidence that it was worth only $4,268.51. Taking all the cir-

2. Valid mortgage and bill of sale. cumstances of the case together, and the fact that the plaintiff did not actually intend to defraud any person, we do not think that her belief that the property was worth $10,000 will render the mortgage and the sale void.

In answer to the last question propounded by the plaintiff in error, defendant below, we would state that we think it is true that dealings between husbands and wives should be carefully scrutinized, and that courts of equity — and the courts of Kansas are such — as well as courts of law, should enforce contracts between husbands and wives only so far as they are equitable and just. ( *Going v. Orns*, 8 Kas. 85.) But we can perceive nothing inequitable or unjust in a wife in good faith procuring an interest in her husband's property and holding it as a security for debts due from her husband to herself, or for other debts of the husband for which she is liable. In this case, however, under the findings of the jury and the judgment of the court, the wife is permitted to hold the property only to the extent and for the amount of the debts actually due her from her husband. She is allowed nothing for the debts of her husband for which she is surety and for which she is liable. We perceive nothing inequitable or unjust in allowing the plaintiff this much.

3. Husband and wife; contracts; equity; judgment, not erroneous.

Perceiving no material error in this case, the judgment of the court below will be affirmed.

All the Justices concurring.