JAMES E. SMITH, *as Sheriff of Russell County*, v. D. K. RANKIN *et al.*

PRINCIPAL AND SURETY — *Consideration — Valid Sale.* The liability of a surety on the obligations of his principal, and the promise of the surety to pay such obligations in the future, is a sufficient consideration to support a *bona fide* sale and transfer of property from the principal to the surety.

*Error from Russell District Court.*

REPLEVIN. Judgment for plaintiffs *Rankin* and three others at the April term, 1888. The defendant *Smith* brings the case here. The facts sufficiently appear in the opinion.

*H. G. Laing*, for plaintiff in error.

*G. W. Holland*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action of replevin, to recover the possession of a stock of implements, brought by defendants

in error against James E. Smith, who, as sheriff, had seized the stock in attachment proceedings brought by the Buford & George Implement Company against Smith Brothers. The Smith Brothers, who were engaged in the implement business, procured the defendants in error to join with them in signing certain notes and obligations, as sureties. Afterward, when the Smith Brothers found themselves in failing circumstances, they transferred the stock of implements which they had on hand to the defendants in error at the stipulated price of $2,000. The consideration of the transfer was the liability of these sureties on the notes which they had signed for Smith Brothers, together with the promise that they would pay the same. Shortly after the sale and transfer, the stock of implements was attached by the Buford & George Implement Company, who alleged that the sale of the property was for the purpose of hindering and delaying the creditors of Smith Brothers in the collection of their debts; and this action to recover their possession immediately followed.

The verdict of the jury was in favor of the defendants in error, and there being sufficient evidence, it establishes the good faith and honesty of the transaction. The notes which they signed represented a *bona fide* indebtedness, and the stock of goods transferred was insufficient to pay the obligations for which they were liable, and which they agreed to pay.

It is contended by plaintiff in error that there was no consideration for the sale of the goods to the defendants in error; and this is the only material question which is discussed in his brief. The insolvency of the Smith Brothers practically settled the liability of the defendants in error on the notes which they had signed, and more than that, the testimony is that at the time of the sale the sureties agreed to pay these debts. Some of them were paid about the time of the transfer, and others of them have been paid since that time.

We think there can be no doubt that the liability of the defendants in error, as sureties, and their agreement to pay these debts, constitute a sufficient consideration for the sale of the property. The liability of a surety alone is held to be a good

12—45 KAS.

consideration for a conveyance of property; but no room is left for question where, as here, there is an express promise to the principal to pay the debt. The Smith Brothers had a right to prefer one creditor over another, and they owed no higher obligation to any creditor than to those sureties who had aided them by their credit in carrying on the business. The goods were in their possession and subject to their disposal at the time of the sale, and it is competent for them to secure the defendants in error by a mortgage on the goods, or to satisfy them by a sale and transfer of the same for the liability which they had assumed, and which by agreement they had obligated themselves to pay. The question is not, as plaintiff in error suggests, whether the surety has a right of action against the principal before the maturity and payment of the debt, but it is, rather, whether the principal may honestly indemnify and protect the surety who has become liable for and must pay the debt for which he is surety. It is well settled that this liability is ample consideration for either a mortgage or the sale of property to the surety, and, therefore, as the good faith of this transaction has been settled, we conclude that the sale in question must be upheld. (*Miller v. Krueger*, 36 Kas. 344; *McWhorter v. Wright*, 5 Ga. 555; *Mandigo v. Mandigo*, 26 Mich. 349; *Gladwin v. Garrison*, 13 Cal. 330; *Stevens v. Bell*, 6 Mass. 339; *Cushing v. Gore*, 15 id. 73; *Swift v. Crocker*, 21 Pick. 241; *Kramer v. Farmers' Bank*, 15 Ohio, 253; Brandt, Sur., §§ 186, 213.)

This disposes of every substantial objection made by plaintiff in error, and, as we find no error in the record, the judgment of the district court will be affirmed.

All the Justices concurring.