The Chicago, Kansas & Western Railway Company v. Henry A. Bell.

1. Petition —*Allegations Control—Erroneous Instruction.* The allegations of the plaintiff's petition control as to the grounds upon which a verdict and judgment in his favor may be based; and an instruction to the jury by the court, which authorizes a verdict on a different ground, is erroneous.

2. Negligence —*Injury to Passenger — Unauthorized Instruction.* In an action brought to recover damages for a personal injury, the allegation in the petition that the injury was caused by the negligent management of a train of cars whereby the engine and some of the cars were violently backed into the car in which the plaintiff was as a passenger, does not authorize the court to instruct the jury that they may find for the plaintiff if they believe the defendant was guilty of negligence in permitting the plaintiff to remain in the car after it had reached its destination, regardless of the negligent handling of the train.

3. Damages —*Proximate Cause.* Before an act of negligence can be made the basis for a recovery of damages, it must appear that such act was the natural and proximate cause of the injury, or directly contributed thereto.

Memorandum. — Error from Dickinson district court; M. B. Nicholson, judge. Action by Henry A. Bell against the Chicago, Kansas & Western Railway Company to recover damages for personal injuries. Plaintiff had judgment, and defendant brings error. Reversed. The material facts appear in the opinion, filed July 6, 1895.

*A. A. Hurd*, and *Stambaugh & Hurd*, for plaintiff in error.

*O. L. Moore*, for defendant in error.

The opinion of the court was delivered by

GARVER, J. : The defendant in error, as plaintiff, instituted this action in the district court of Dickinson county to recover damages for personal injuries alleged to have been sustained by him while on the train of plaintiff in error, as a passenger, through the negligence of the agents and servants of the railway company. The allegations of the petition as to negligence are as follows :

"That the said defendant, by its agents and servants, so carelessly, negligently, unskillfully and improperly managed and conducted said train and cars, and carelessly, negligently, unskillfully and improperly backed the engine of said train with great violence into and against the car in which your petitioner was then riding as a passenger, and carelessly, negligently, unskillfully and improperly caused the engine and some of the cars of said train to run with great violence into the said car in which your said petitioner was riding as a passenger, as aforesaid, and caused said engine to jerk said car with great violence ; and, without any fault on the part of your petitioner, your said petitioner was thereby injured by the said collision and said jerking of the car, and thrown violently to the ground."

The answer was a general denial. The record shows that the plaintiff below took passage on a freight train carrying passengers, at Wells, a station on defendant's road in Ottawa county, for Abilene ; that it was necessary, in traveling between said points, to change cars at Manchester ; that either through the failure of the conductor to notify the

plaintiff that he must change cars at Manchester, or through his failure to understand such notification, he remained in the caboose of the train on which he had come from Wells after the rest of the train had been detached therefrom ; that while so remaining in the caboose, without understanding that he should leave it and take another train for Abilene, an engine and cars were backed into the caboose with sufficient force to throw the plaintiff out of the door, at which he was standing, violently to the ground.

On the part of the plaintiff below, it was claimed on the trial that the railroad company had failed to notify him that he must leave the car in which he was riding, and take another train in order to reach Abilene ; as he had paid for a continuous passage and was ignorant of the necessity of changing cars at Manchester, that he was still in the car as a passenger, entitled to protection as such ; and that the railroad company was liable for a violation of its duty to him as a passenger in carelessly and negligently moving the train in question so as to cause the injury complained of. On the other hand, the railroad company insists that the plaintiff below was in the car by his own fault and negligence, and not as a passenger, at the time of the injury. It also claimed, and introduced evidence tending to prove, that the train was properly handled, and the injury the result of mere accident.

Plaintiff in error contends that material error was committed by the trial court in its instructions to the jury as to the ground upon which a recovery might be had. It is urged that the only issue made by the pleadings upon the question of negligence was as to the handling of the engine and cars in such a manner as to cause a violent collision with the car in which

was the plaintiff; while the issue presented by the court to the jury in the instructions, as a basis of recovery, was negligence of the company in not informing the plaintiff of his duty to change cars at Manchester. The particular instruction complained of was as follows :

"It was the duty of the railroad company to give the plaintiff such information as was necessary for his guidance in order for him to get from one train to another, and if they failed to do that, and the old gentleman was misled and remained in the caboose, and got hurt by reason of his having to remain there, the company would be responsible and liable to him for the amount of damage which he has sustained by reason of being hurt."

Every company operating a railroad for the carriage of passengers owes to a passenger the duty of so managing and operating its trains as to avoid any injury to him which can be prevented by the exercise of proper care. It also owes to a passenger the duty of giving him such information and direction, as the circumstances demand he should have, in order that he may safely and conveniently reach his destination. The failure on the part of the company to discharge its duty in either of these respects makes it liable for all damages sustained which are the natural and proximate result of such neglect. There is a clear and substantial difference between these two classes of duty. The manner in which the engine and cars are moved, and the violence with which they are caused to collide with other cars, are matters usually within the direct control of the engineer and fireman of the train; while the care and oversight exercised toward the passenger. are duties discharged through the conductor and brakeman, or porter, of the train.

The allegations above copied from the petition as

to the negligence complained of, limit the issue to be tried in this particular to the inquiry whether or not the employes of the railroad company were guilty of negligence in backing the engine and cars into the caboose in which plaintiff below was riding.   Any inquiry as to the conduct of the employes of the railroad company in not notifying this passenger that he must change cars, was pertinent in the case only for the purpose of showing that, at the time of the injury, he was still a passenger on this car.   The allegations of the petition furnish the basis for recovery and are controlling on the trial, not only as to the evidence, but also as to the instructions of the court.   The verdict and findings of the jury must be within the issues joined by the pleadings, and should not be influenced by considerations which are foreign to such issues. To authorize the jury, as was done by the instructions in this case, to return a verdict in favor of the plaintiff upon a ground entirely different from that laid in the petition is error.   ( *U. P. Rly. Co. v. Young*, 8 Kas. 658; *K. P. Rly. Co. v. Dunmyer*, 19 id. 539; *St. L. & S. F. Rly. Co. v. Fudge*, 39 id. 543; *Newby v. Myers*, 44 id. 477; *Clark v. Mo. Pac. Rly. Co.*, 48 id. 654; *A. T. & S. F. Rld. Co. v. Irwin*, 35 id. 286.)

The jury returned only a general verdict.   There is nothing to indicate whether the verdict was based upon negligence in causing the collision, or upon negligence in failing to notify the plaintiff to change cars.   So far as this court is able to know, the verdict may have been based upon the very instruction complained of.

Counsel for defendant in error contends that the evidence as to the conduct of the employes of the company, in failing to notify plaintiff to leave the train, was introduced without objection; that the case was

actually tried upon the theory that that was an act of negligence relied upon for recovery, and that the issues were, by consent, thus broadened. Outside of the mere admission of such testimony, however, there is nothing in the record to indicate that it was introduced for any purpose other than that for which we have said it was competent, viz., to show that Bell, at the time of the injury, was rightfully on the car as a passenger, and in a position to demand the exercise of proper care toward him as such. Exceptions were properly taken at the time by plaintiff in error to the instructions of the court. In this condition of the record, this court cannot say that there was any waiver of the error.

The correctness of the instructions of the court might also be questioned on another ground. It is not every act of negligence that furnishes a basis for recovery of damages for an injury sustained. Before a recovery can be had on the ground of negligence it must appear that the injuries were the natural and proximate result of the negligent act. (*Milwaukee &c. Rly. Co. v. Kellogg,* 94 U. S. 469 ; *Scheffer v. Railway Co.* 105 id. 249 ; *Lewis v. F. & P. M. Rly. Co.,* 54 Mich. 55 ; *Daniels v. Ballantine,* 23 Ohio St. 532 ; *Henry v. St. L. &c. Rly. Co.,* 76 Mo. 288 ; *Lannen v. Gas Light Co.,* 44 N. Y. 459.) In these and kindred cases, where two causes contributed to some extent in causing an injury, the rule is well settled that where there is an intervening and direct cause, a prior and remote cause cannot be made a basis for recovery of damages, when such prior cause did no more than furnish the condition or occasion by which the injury was made possible. Commenting upon this principle, in *Milwaukee &c. Rly. Co. v. Kellogg,* Mr. Justice Strong said :

" But it is generally held that, in order to warrant

a finding that negligence, or an act not amounting to wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances. . . . We do not say that even the natural and probable consequences of a wrongful act or omission are in all cases to be charged to the misfeasance or nonfeasance. They are not when there is a sufficient and independent cause operating between the wrong and the injury. In such a case the resort of the sufferer must be to the originator of the intermediate cause. But when there is no intermediate sufficient cause, the original wrong must be considered as reaching to the effect, and proximate to it. The inquiry must, therefore, always be whether there was any intermediate cause disconnected from the primary fault, and self-operating, which produced the injury."

Under the instructions of the court, the jury were justified in finding a verdict for the plaintiff because of negligence in permitting him to remain on the train, even though the injury may not have been the natural and direct result of such act. The evidence in the case tends to show that the backing of the train into the caboose in which the plaintiff was standing was the direct cause of his fall and injury. This question, with that of negligence, was, at least, a matter to be submitted to and found by the jury before it could be said that the defendant was liable.

For the reasons above given, the judgment is reversed and a new trial ordered.

All the Judges concurring.