THE OIL WELL SUPPLY COMPANY *et al.* v.
W. S. JOHNSON.

No. 15,426.    (98 Pac. 381.)

SYLLABUS BY THE COURT.

INSTRUCTIONS—*Issue Not within the Pleadings.* Ordinarily an instruction which submits a case to the jury upon an issue not within the pleadings is erroneous.

Error from Shawnee district court; ALSTON W. DANA, judge. First opinion filed March 7, 1908. Reversed. Rehearing allowed April 17, 1908. Second opinion filed November 7, 1908. First opinion affirmed.

STATEMENT.

THIS is an action to recover the value of a lot of pipe and casing, such as are used in drilling oil- and gas-wells, which the plaintiff claims was converted by the defendants to their own use and benefit, April 3, 1906. The petition of the plaintiff was filed in the district court of Shawnee county on May 12, 1906. It alleges in substance that on March 1, 1906, E. N. Burr was indebted to the plaintiff in the sum of $300, and in consideration thereof executed his promissory note for that sum and secured its payment by a chattel mortgage on the pipe and casing in controversy. The mortgage contains a provision to the effect that the mortgagor may retain possession of the property until default is made in payment of the note or the mortgagee feels insecure. The mortgage was duly recorded; March 24, 1906, in Shawnee county. The separate answers of the defendants amount to a general denial.

The evidence on the part of the plaintiff shows that E. N. Burr, individually, and E. N. Burr & Co., a partnership, were engaged in prospecting for oil and gas. E. N. Burr was the general agent and manager for the partnership, and also superintended his own business. The plaintiff was employed by Burr to assist in conducting the business, both for Burr and the partnership. The note and mortgage were given for services rendered to E. N. Burr, individually, during the months of January and February, 1906. The operations managed by E. N. Burr extended over territory known as the Paola field and the Topeka field, E. N. Burr & Co. conducting the work in the Paola field, and E. N. Burr, individually, the work at Topeka.

During 1905 the plaintiff was employed in the Paola territory for E. N. Burr & Co., and in 1906 he was at Topeka and performed the services for E. N. Burr, individually, for which the note and mortgage were given.

This note and mortgage constitute the plaintiff's sole claim to the pipe and casing in controversy.

The evidence of the defendant supply company shows that it sold the pipe in controversy in December, 1905, to E. N. Burr & Co., and received the note of that company and E. N. Burr in payment therefor. The note was not paid, and on April 3, 1906, an action was commenced in the district court of Shawnee county against E. N. Burr & Co. and E. N. Burr to recover judgment thereon. An attachment was issued in that action, by which the sheriff took possession of the property and was holding the same when this action was commenced. The pipe was taken by the sheriff on the Decker farm, where E. N. Burr & Co. were drilling a well. The plaintiff did not consent to the taking of the property by the sheriff, and did not take possession of the pipe under his mortgage, or assert any right thereto before it was taken under the writ of attachment.

On the trial in the district court the jury returned special findings of fact which read:

"Ques. Was the drilling which was being done on the Decker farm the business of either E. N. Burr or E. N. Burr & Co.? Ans. E. N. Burr & Co.

"Q. Was E. N. Burr in charge and control of the work and material at and prior to the time the note and mortgage were executed? A. Yes.

"Q. Were the note and mortgage of plaintiff executed to evidence and secure a valid indebtedness owing to him for services performed in and about such business, and with the intention of pledging the property mortgaged to secure payment of such indebtedness? A. Yes.

"Q. What is the amount due thereon? A. Three hundred dollars, and interest at 10 per cent. from May 1. Total, $316.08.

"Q. Was not the value of the property included in plaintiff's mortgage and seized by defendants, on April 3, 1906, and until this action was commenced, less than $500? A. Yes.

"Q. Was the pipe in controversy purchased of the Oil Well Supply Company? A. Yes.

"Q. Was the order for the pipe made in the name of E. N. Burr & Co., and signed by plaintiff as their agent? A. Yes.

"Q. After the order was given, did E. N. Burr & Co. wire the Oil Well Supply Company as follows: 'Johnson's order is O. K. Send casing at once'? A. Yes.

"Q. Did the Oil Well Supply Company charge the pipe in controversy to E. N. Burr & Co.? A. Yes.

"Q. At the time when the pipe was purchased was E. N. Burr a member of the copartnership firm consisting of himself and others and trading under the name of E. N. Burr & Co.? A. Yes.

"Q. At the time when the mortgage in question was executed was E. N. Burr a member of a copartnership firm consisting of himself and others and trading under the name of E. N. Burr & Co.? A. Yes."

One of the instructions given by the court to the jury reads:

"(6) As heretofore explained, the defendants contend that E. N. Burr was not the owner of the property at the time he made the chattel mortgage, but that it was owned by E. N. Burr & Co., a partnership of which E. N. Burr was one of the partners, and consequently the defendants claim that E. N. Burr had no legal right to make the mortgage and consequently plaintiff had no lien upon or special ownership in the property. In this connection I instruct you that if you believe from the evidence that E. N. Burr & Co. was a partnership in which E. N. Burr was one of the partners, that E. N. Burr was in possession of the property at the time the mortgage was made, that the mortgage was made to secure an indebtedness to plaintiff by E. N. Burr & Co., and that E. N. Burr & Co. received the benefits of the transaction, then I instruct you that plaintiff would have a special ownership in said property by reason of said mortgage, and your verdict should be for the plaintiff."

Plaintiff recovered judgment for the amount due on his note, and defendants bring the case here for review.

*Gleed, Hunt, Palmer & Gleed,* for plaintiffs in error.

*T. F. Garver,* and *J. B. Larimer,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: Complaint is made of instruction No. 6, the objection being that it permitted the jury to find for the plaintiff upon a state of facts contrary to the averments of his petition and in opposition to his proof. The petition avers that the note was executed by E. N. Burr, and that the property described in the mortgage was then owned by him. The copy of the note and mortgage attached to the petition indicate the facts to be as alleged. There is no suggestion that the partnership of E. N. Burr & Co. was in any way connected with or concerned in the transaction. While testifying as a witness the plaintiff appeared to be familiar with the firm of E. N. Burr & Co., and also with the business of E. N. Burr individually. He worked for E. N. Burr & Co. at Paola in 1905, and for E. N. Burr, individually, during January and February, 1906, at Topeka. They operated in different fields. Apparently the plaintiff was in a position to know the business of each and to plead and testify understandingly. The rule that a plaintiff must recover, if at all, upon the facts stated in his petition is well settled. (11 Cyc. 158; *Brenner v. Bigelow,* 8 Kan. 496; *K. P. Rly. Co. v. Dunmyer,* 19 Kan. 539; *A. T. & S. F. Rly. Co. v. Irwin,* 35 Kan. 286, 10 Pac. 820; *St. L. & S. F. Rly. Co. v. Fudge,* 39 Kan. 543; 18 Pac. 720; *Ins. Co. v. Thorpe,* 40 Kan. 255, 19 Pac. 631; *Newby v. Myers,* 44 Kan. 477, 24 Pac. 971; *Clark v. Mo. Pac. Rly. Co.,* 48 Kan. 654, 29 Pac. 1138; *C. K. & W. Rly. Co. v. Bell,* 1 Kan. App. 71, 41 Pac. 209.)

To avoid inconvenience from the enforcement of this rule ample opportunity is afforded under the statute to amend the petition at any time before judgment. If the plaintiff was deceived by E. N. Burr, and thereby induced to accept a mortgage on partnership property, which fact was not discovered until after the commencement of this trial, he should have obtained leave

to amend his petition, and then stated the facts as they really were. Not having done so, the case must be determined upon the petition as it is. The instruction of the court, of which complaint is made, presented to the jury an issue which was not in the case, and for that reason was erroneous.

Other questions are discussed, but as this decides the case none of them needs to be considered. The judgment is reversed, with direction to proceed in accordance with the views herein expressed.

BURCH, MASON, SMITH, PORTER, BENSON, JJ., concurring.

JOHNSTON, C. J. (dissenting) : Although the fact that the mortgage debt was the debt of E. N. Burr & Co., due for services rendered to that partnership, and that the mortgage was given in behalf of the partnership, was not set out in the petition it was a litigated issue. E. N. Burr appears to have been the only one of the partnership who was in Kansas—the one who was in control of the partnership business here, and he was the one who gave the security. Testimony was given in the case, without objection, that Johnson was working for the partnership of E. N. Burr & Co., that his claim for services was a *bona fide* one, and that the mortgage was given on partnership property to pay a partnership debt. The question whether it was a partnership debt and security was presented to the jury in the testimony; and the jury specially found that the work was done for the partnership while E. N. Burr was in control of its business, and that the note and mortgage were executed to evidence a valid indebtedness owing to Johnson for services performed in and about the partnership business and with the intention of pledging the property mortgaged to secure that indebtedness. Since the matter was in evidence and in litigation, it was not improper to instruct the jury with reference to it. Instructions, of course, should

conform to the issues made by the pleadings; but where the parties themselves by their testimony extend the issues beyond the pleadings the court is justified in instructing the jury upon the issues actually litigated. The defendants, who offered testimony on this subject and sought whatever benefit could be derived from it, can not complain that the trial court charged the jury upon the testimony so presented and the issues so made. The instruction itself appears to be a correct statement of the law applicable to the recited state of facts, and I am therefore unable to concur in the conclusion that the giving of the instruction is a ground for reversing the judgment.

---

## OPINION ON REHEARING.

(98 Pac. 388.)

*Per Curiam:* A rehearing was granted in this case, and it has been reargued. The same briefs originally used were refiled, and the oral presentation was substantially the same as before. The case was thoroughly considered when the former decision was made from every point of view then suggested, either in the printed briefs or oral argument.

Nothing new has been submitted, and we are therefore compelled to adhere to the conclusion heretofore announced.