W. S. JOHNSON, *Appellee,* v. THE OIL WELL SUPPLY COMPANY *et al., Appellants.*

No. 17,208.

SYLLABUS BY THE COURT.

JUDGMENT—*Conversion—Mortgaged Property—Rate of Interest on Judgment.* The holder of a note and chattel mortgage made to secure the same sued for the wrongful conversion of the mortgaged property and rightfully recovered a judgment for the amount of the note up to the day of trial, including the rate of interest specified in such note, 10 per cent. *Held,* that such judgment can under sections 4347 and 4348 of the General Statutes of 1909 bear only 6 per cent interest.

Appeal from Shawnee district court.   Opinion filed
October 7, 1911.   Modified and affirmed.

*J. W. Gleed, D. E. Palmer,* and *J. L. Hunt,* for the
appellants.

*J. B. Larimer, T. F. Garver,* and *Robert D. Garver,*
for the appellee.

The opinion of the court was delivered by

WEST, J.:   The plaintiff, Johnson, sued the defendants,
the supply company and the sheriff, for damages for
the conversion of certain personal property attached,
regardless of plaintiff's existing and recorded chattel
mortgage which was given to secure a note for three
hundred dollars and signed E. N. Burr.   The defend-
ants contended that the property attached was pur-
chased by E. N. Burr and Company through and on the
strength of representations made by Johnson that the
firm consisted of E. N. Burr and Malvin Edwards, and
that Johnson was estopped to claim adversely to such
misrepresentations.   These contentions were denied by
the plaintiff, and the principal question litigated was
whether E. N. Burr, who signed the note, owned the
property in question or whether it was owned by the
firm of E. N. Burr and Company.   A judgment in favor
of the plaintiff was reversed (*Supply Co. v. Johnson,*
78 Kan. 751, 98 Pac. 381), a second trial resulted in
the failure of the jury to agree, and the third in a judg-
ment in favor of the plaintiff, from which the defend-
ants appeal.

The evidence as to individual or partnership title to
the property when the note was executed was so con-
flicting that the conclusion reached by the jury can not
be disturbed for want of support, but complaints are
made as to the reception of certain evidence, as to in-
structions given and refused, and that the judgment
rendered bears too large a rate of interest.

In order to sustain his claim that E. N. Burr was

sole owner, the plaintiff offered in evidence a certified
copy of an affidavit made and filed by Burr in Colorado.
some five years before the execution of the note, to the
effect that he then had no partner but that he himself
constituted "E. N. Burr and Co." This was re-
ceived over the defendants' objection and permitted to
go to the jury with the instruction that it could not be
considered as evidence of any of the facts stated therein,
to which instruction, given at the request of the de-
fendants, all parties objected.

A section of Mills' Annotated Statutes of Colorado
was also offered and received in evidence to show that
the laws of Colorado required such affidavit, and it is
urged that the volume containing this section was not
authenticated as required by our statute (Civ. Code,
§§ 367-371) and this is practically conceded. The mere
fact that a statute required or requires a partnership
affidavit can have so little bearing upon the truthful-
ness of one when made that the introduction of the
section in question was not material error. The court
instructed the jury that the affidavit was no evidence
of the facts it contained, and we regard this as a prac-
tical elimination of the document from their consider-
ation, and rightfully so, as an affidavit that E. N. Burr
was at one time without any partner doing a real-estate
and loan business as E. N. Burr and Co. could be
no evidence that five years later, in another state, he
was transacting an oil business alone under the same
title. Counsel insist that the document, with its cer-
tificate and seals and ribbons, was in fact considered
by and affected the jury, who distinguished in their
special findings E. N. Burr and Co. and E. N. Burr
and Company, but we do not find sufficient in the record
to warrant a holding that the defendants suffered ma-
terially by the introduction and practical elimination
of the document.

The court instructed, in substance, that if the jury
should find that E. N. Burr was the owner of the prop-

erty when he made the note the plaintiff should recover, and that if it were then owned by a firm consisting of E. N. Burr and Malvin Edwards they should find for the defendants, and refused to instruct that if a firm consisting of E. N. Burr and another or others owned it their verdict must be for the defendants, which is urged as erroneous for the reason that if Burr had any partner, whether Edwards or another, he could not own the property individually. But instruction number fifteen was to this effect and therefore no complaint can justly be made.

In order to show that the defendants regarded E. N. Burr as owner, the pleadings and files in the attachment case were introduced in evidence, and showed that the action was against E. N. Burr and E. N. Burr and Co., upon a note thus signed. It had already been stipulated that the property had been taken under attachment against E. N. Burr and E. N. Burr and Company. The amended petition alleged that E. N. Burr signed the note on which the attachment was issued, but set out a copy signed E. N. Burr and Co. and E. N. Burr. So far as this evidence was in accord with the stipulation it could do no harm, but it is argued that it utterly failed to show that defendants regarded Burr as owner and therefore was improperly received. The petition prayed judgment against E. N. Burr and E. N. Burr and Company. The attachment affidavit alleged that the "defendants" were about to remove a part of their property out of the jurisdiction of the court, and the order of sale recited that the supply company recovered a judgment, and the journal entry recited that there was due to plaintiff "from said defendants the sum of $511." The eighth instruction charged the jury that if they should find that the supply company attached the property in controversy as the property of E. N. Burr individually and so sold the same it would be estopped to deny that it was his individual property, but this was modified by another·

instruction that the pleadings, papers and journal entry were not conclusive as to this but might be considered as evidence on this issue and given such weight as they were entitled to. An instruction that the two petitions were not conclusive evidence of the facts contained therein, but only evidence which was entitled to be considered with the other evidence in the case, was refused. The journal entry was offered in evidence by the defendants, and while we are unable to see anything in any of these attachment papers indicating that the defendants regarded Burr as the sole owner, still they were competent to show, though cumulative in consideration of the stipulation, that the property had been taken under attachment. There was other evidence touching the question of ownership, and the consideration of these papers by the jury in connection with such other evidence under the instruction given is not deemed to have been materially prejudicial to the defendants.

Objection is made to the repetition of the charge that honesty is presumed and that the burden is upon the party alleging the contrary, and to the unqualified instruction that every written instrument executed imports a full and valuable consideration. The repetition was unnecessary but not of the character indicated in the cited case of *Morse v. Ryland*, 58 Kan. 250, 48 Pac. 957. It is peculiar, however, that the instruction repeated was each time excepted to both by the plaintiff and by the defendants. It is suggested that the instrument said to import a full and valuable consideration was in fact executed for the benefit of the plaintiff, who stood in a fiduciary relation to the maker or makers, and that the circumstances were such that certain badges of fraud should have been considered and mentioned to the jury. But no instruction of this kind was submitted or suggested to the court and the theory on which the case was tried did not render it necessary for the court to volunteer such instruction, the prin-

cipal contention being as already stated one of ownership of the property in question rather than the *bona fides* of the note. Defendants' counsel in their brief say:

"The contested issues in the case were (1) whether or not there was a copartnership known as E. N. Burr and Company, and (2) whether E. N. Burr and Company or E. N. Burr individually were the owners of the property in controversy at the time when the chattel mortgage was executed."

Serious complaint is made that the court failed properly and clearly to define the issues, but a careful examination of the seventeen instructions given does not in our judgment justify this criticism.

The jury were instructed that a finding for the plaintiff would entitle him to recover the amount of his special ownership in the property by reason of the note and mortgage, with interest thereon at 10 per cent per annum, and the judgment by its terms bears 10 per cent. Section 4347 of the General Statutes of 1909 (Laws 1889, ch. 164, § 4), provides that "all judgments of courts of record . . . shall bear interest from the day on which they are rendered, at the rate of 6 per cent per annum, excepting as herein otherwise provided."

Section 4348 (Laws 1889, ch. 164, § 5) provides that any judgment rendered on a contract shall bear the same rate of interest mentioned in such contract. But here the judgment was not rendered upon the note but upon the wrongful action of the defendants in converting the property covered by the chattel mortgage executed to secure the note. The amount due at the time the judgment was rendered was properly computed at 10 per cent but the judgment itself by force of the statute referred to, not being on contract but upon tort, can bear only 6 per cent interest.

The cause is remanded for modification of the judgment as indicated. Otherwise it is affirmed. The costs in this court will be equally divided.