No. 22,232.

THE SILVER LAKE STATE BANK, *Appellee,* v. W. F. GEORGE et al. (HUGH LARIMER, Sheriff, *Appellant*).

SYLLABUS BY THE COURT.

1. EXECUTION SALE — *Property Sold under Chattel Mortgage to Third Party—Rights of Mortgagee.* Where a sheriff sold chattels under an execution, and a third party had a mortgage on some of the property sold, and that party, before the sale, commenced an action in replevin to recover possession of the mortgaged property, the fact that the sheriff sold the property not covered by the mortgage will not defeat the mortgagee's right to recover the value of the mortgaged property.

2. Note—*Secured by Chattel Mortgage—New Note Given—Debt Not Paid—Chattel Mortgage Not Released.* A new note is not payment of an old one, where each is evidence of the same debt, and the old note is retained by the payee thereof as security for the new one; and a chattel mortgage given to secure the payment of the debt evidenced by the old note remains as security for the payment of that debt.

3. Replevin — *Chattel-mortgaged Property — No Fraud Shown.* After an examination of the evidence abstracted, this court is unable to say that the trial court committed any error in finding that there was no fraud shown.

4. Same—*Sale of Chattel-mortgaged Property by Sheriff—Amount Recoverable by Mortgagee.* Under the circumstances described in the first paragraph of this syllabus, where it appears that the mortgaged property sold by the sheriff was of greater value than the amount of the mortgagee's claim, with the interest thereon, and that the property cannot be returned, judgment should be rendered for the full amount of the mortgagee's claim with the agreed rate of interest; but the judgment itself should bear interest at the rate of six per cent per annum.

Appeal from Shawnee district court, division No. 1; Robert D. Garver, judge. Opinion filed June 7, 1919. Modified and affirmed.

*J. J. Schenck,* and *James A. Troutman,* both of Topeka, for the appellant.

*Clad Hamilton,* and *Clay Hamilton,* both of Topeka, for the appellee.

The opinion of the court was delivered by

Marshall, J.: Hugh Larimer, sheriff of Shawnee county, appeals from a judgment against him for the wrongful conversion of personal property under an execution levied thereon by him. The plaintiff claimed the right to the possession of the property under a chattel mortgage given to it by defendant, W. F. George, to secure the payment of an indebtedness of $1,375, evidenced by a promissory note for that amount. Execution had been issued out of the district court of Shawnee county on a judgment against W. F. George in favor of the Independent Harvester Company, and the execution had been levied on the property claimed by the plaintiff under its chattel mortgage. The plaintiff replevied that property. The sheriff

gave a redelivery bond, sold the property, and the proceeds of the sale remain in his hands. On the trial, it was admitted that the value of the property in controversy was more than the amount of the plaintiff's claim of $1,375 with interest thereon from April 1, 1917, at eight per cent per annum.

George was one of the plaintiff's customers, and in December, 1916, was indebted to the bank on two notes, one for $1,600, dated December 1, 1916, and the other for $575, dated December 5, 1916. The notes were secured by a chattel mortgage given on December 5, 1916. On March 26, 1917, George paid $800 on these notes, took up the $575 one, and obtained credit for $225 on the $1,600 one. That left $1,375, with interest owing on the $1,600 note. At that time, a new note for $1,375 was given, but it was dated April 1, 1917. When the $1,375 note was given, the $1,600 note was not delivered to George, but it was pinned to the $1,375 note as collateral security. The chattel mortgage was not released nor canceled.

Proceedings in aid of execution were instituted by the Independent Harvester Company against George, who was, on Thursday night, June 28, notified to appear before the district court on June 30 to answer questions concerning his property. On the same day, the cashier of the plaintiff bank was commanded to appear at the same time and place, to have there the books of the bank showing its transactions with George for the preceding three years, and to answer questions concerning his property and business affairs. On June 29, George went to the bank and gave to it the chattel mortgage on which the plaintiff claims. At that time George had $120 on deposit in the bank. He drew that money from the bank and took it away. The sheriff's abstract shows that:

"The court found that the special interest of the bank in the property described in the petition was $1,375.00, with interest at 8 per cent, from the 1st day of April, 1917; that the personal property levied upon had been sold and could not be returned, and rendered judgment for the amount claimed, with interest at 8 per cent, amounting in all to $1,546.73."

1. The sheriff claims that some of the property sold by him was not included in the chattel mortgage, nor identified as the property mortgaged. It does not appear how this can avail the

sheriff, who admitted that the value of the property in controversy was more than the amount of the plaintiff's claim. Only the property described in the plaintiff's petition was in controversy, and the finding of the court must be construed as referring to that property.

2. The sheriff questions the consideration for the $1,375 note, and questions the validity of the mortgage given to secure the $1,600 and $575 notes. He argues that the $1,600 note was paid by the $1,375 note, and that, therefore, the mortgage securing the $1,600 note ceased to be of any force. This argument cannot be sustained.

"A new bill or note is not a payment of the original instrument, in the absence of an understanding or agreement to that effect, but when given and received in satisfaction of the earlier paper such paper is thereby discharged." (7 Cyc. 1011.)

The same principle is declared in 8 C. J. 569, where a large number of decisions are cited to support the rule.

In *Bank v. Livermore,* 90 Kan. 395, 133 Pac. 734, this court said:

"Where a new note, payable at a future date, is taken for the same debt evidenced by a past due note, which is not surrendered, the parties are presumed to intend that action on the old note shall be suspended until the maturity of the new one, in the absence of anything to indicate a contrary intention." (Syl. ¶ 2.)

(See, also, *Hutchins v. Stanley,* 88 Kan. 739, 129 Pac. 1180.)

After the new note was given, the $1,375 debt remained a valid obligation, and the old mortgage continued as security therefor. (*Howard v. National Bank,* 44 Kan. 549, 24 Pac. 981; *Cornwell v. Moss,* 95 Kan. 229, 147 Pac. 824.)

3. The sheriff argues that George acted fraudulently throughout the transaction, and that the $1,375 note and mortgage to secure it were given in fraud of the plaintiff's rights. The court found "that no fraud was shown in relation to the execution of the note and mortgage given by the defendant, George, to the plaintiff, upon which plaintiff asked judgment." Under the evidence, there was no question about a *bona fide* indebtedness from George to the bank, in the sum of $1,375. The bank had a perfect right to obtain security for the payment of that debt, even if in so doing it would defeat the harvester company in collecting its judgment. (*Miller v.*

*Krueger,* 36 Kan. 344, 13 Pac. 641; *National Bank v. Ridenour,* 46 Kan. 707, 27 Pac. 150; *Davis v. McCarthy,* 52 Kan. 116, 34 Pac. 399; *Hadley v. Adsit,* 3 Kan. App. 122.) From the evidence abstracted, this court is unable to say that the trial court committed any error in finding that there was no fraud shown, although the chattel mortgage was taken after the bank had notice that the harvester company was attempting to collect its judgment.

4. Complaint is made that the court rendered judgment against the sheriff for the full amount of the note and all the interest that was due at the time. The sheriff says:

"In computing the amount of the judgment the court figured interest at 8 per cent from the date of the note. The note drew interest at 8 per cent. This action, however, was not founded upon the note, but upon the alleged wrongful conversion of the property."

He cites *Johnson v. Oil Well Supply Co.,* 85 Kan. 507, 117 Pac. 1022. There this court said:

"The holder of a note and chattel mortgage made to secure the same sued for the wrongful conversion of the mortgaged property and rightfully recovered a judgment for the amount of the note up to the day of trial, including the rate of interest specified in such note, 10 per cent. *Held,* that such judgment can under sections 4347 and 4348 of the General Statutes of 1909 bear only 6 per cent interest." (Syl.)

"Section 4348 (Laws 1889, ch. 164, § 5) provides that any judgment rendered on a contract shall bear the same rate of interest mentioned in such contract. But here the judgment was not rendered upon the note but upon the wrongful action of the defendants in converting the property covered by the chattel mortgage executed to secure the note. The amount due at the time the judgment was rendered was properly computed at 10 per cent, but the judgment itself, by force of the statute referred to, not being on contract but upon tort, can bear only 6 per cent interest." (p. 512.)

Judgment was rendered for $1,546.73, with interest thereon at the rate of eight per cent per annum from the date thereof, and for costs of the action. Under *Johnson v. Oil Well Supply Co.,* supra, judgment was properly rendered for the amount named, but the judgment should not bear more than six per cent interest.

The trial court is directed to modify the judgment so as to make it draw interest at the rate of six per cent per annum from its date. With that modification, the judgment is affirmed.