No. 31,454

EARL TURNER, by His Next Friend, LILLIE TURNER, *Appellant,* v.
GEORGE RUSHTON BAKING COMPANY, *Appellee.*

(32 P. 2d 211.)

Opinion filed May 5, 1934.

*W. W. McCanles,* of Kansas City, Mo., for the appellant.
*David F. Carson,* of Kansas City, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The appeal in this case is by the plaintiff from an order of the trial court quashing the execution and order of attachment issued to collect from the defendant $315 interest on a judgment rendered against the defendant.

The action had been commenced to recover from the defendant damages for personal injuries growing out of an automobile accident. The plaintiff recovered a judgment of $5,000. Defendant appealed, and in this court the judgment was, on June 4, 1932, modified and affirmed by reducing it to $3,500 and ordering a new trial if that amount was not acceptable to plaintiff. Plaintiff filed his election accepting the reduced amount for which he receipted, it having been paid at once. The record shows a demand was made upon defendant for interest and it was refused. The interest is claimed at the rate of six per cent on $3,500 from the date of the original judgment for the larger amount until the time of the payment of the $3,500, which was only a few days after the decision of this court was made reducing the amount.

R. S. 41-104 provides that all judgments of courts of record shall bear interest from the day on which they are rendered at the rate of six per cent per annum. There is no serious contention in this

case but that the original judgment would properly have drawn interest from the date thereof, even though it was rendered as damages for a tort, unless the interest was eliminated by the order reducing the judgment or waived by the election of the plaintiff to accept the reduced amount and the acceptance of the same without interest.

Appellant cites many cases where the recovery of interest on the judgment is considered under several different circumstances and in different kinds of actions, among which are *Milling Co. v. Buoy,* 71 Kan. 293, 80 Pac. 591, and *Prewett v. Van Pelt,* 118 Kan. 571, 235 Pac. 1059, on unliquidated damages from the date of the judgment and not before. Among others cited are *Bank v. George,* 105 Kan. 129, 181 Pac. 574; *Priest v. Kansas City Life Ins. Co.,* 119 Kan. 284, 239 Pac. 443; *K. C., Ft. S. & M. Rld. Co. v. Berry,* 55 Kan. 186, 40 Pac. 288; and *Koontz v. Weide,* 111 Kan. 709, 208 Pac. 651. But, as stated above, there is no serious contention along this line, and we shall, for the purpose of this case, regard the plaintiff as being entitled to draw interest on the original judgment if it had been affirmed.

The only questions before us on review of the ruling of the trial court in sustaining the defendant's motion to quash the execution and the order of attachment are, whether the order of this court in modifying the judgment eliminated the item of interest, and whether the plaintiff by his election and acceptance of the reduced amount waived the interest on the reduced amount.

The defendant appealed from the $5,000 judgment against it, alleging many errors, among which was the claim that it was excessive, and this court modified and affirmed the judgment of the lower court and used the following language in the closing paragraph of the opinion, reported in 135 Kan. 484:

"In view of this testimony the court is of the opinion that $5,000 is excessive, and that the judgment should be reduced to $3,500, the appellee to be given the election to accept that amount or another trial upon that issue. The judgment will be modified in respect to the amount of the judgment, and as modified, affirmed. It is so ordered." (p. 490.)

Now, for the purpose of construction, let us assume that the $5,000 original judgment was drawing interest from the day it was rendered, what, then, is the most reasonable meaning of the phrase "that the judgment should be reduced to $3,500"? And the further expression "the appellee to be given the election to accept that

amount or another trial." It must be admitted that the construction that makes $3,500 the full and complete amount intended for the new or modified judgment is not unreasonable. But we do not have to determine the question from this language only. The plaintiff made and filed with the clerk of the district court his election as follows:

"Whereas, the supreme court of Kansas has affirmed the judgment in the above-entitled case, providing that plaintiff elects to accept a judgment for the sum of thirty-five hundred dollars ($3,500) instead of five thousand dollars ($5,000) the original judgment in the court below, plaintiff hereby elects to accept said judgment of thirty-five hundred dollars ($3,500) in conformity with the opinion of the supreme court of Kansas."

In connection with this election the appearance docket shows, "Judgment $3,500. June 12, 1932. Received Payment, W. M. McCanles, Attorney."

Particular attention must be given to the following clause in the election of plaintiff: ". . . plaintiff hereby elects to accept said judgment of thirty-five hundred dollars ($3,500)."

The language of the opinion and that of the election, together with the docket entry as to the amount and date of the judgment and the receipt of the attorney thereunder, lead us to conclude that $3,500 was reasonably and in fact regarded as the whole and entire amount of the judgment at that time without any interest thereon.

The record before us does not give any date of the demand for interest and the refusal. If the plaintiff, notwithstanding the language of the opinion and the election, had in mind his right to recover interest on the $3,500, like it might have been if the modification and election had referred to a reduction of $1,500, he should have refused to accept the $3,500 and pursued his remedy for the balance with that amount remaining in the hands of the clerk during the time he was enforcing his claim.

In the case of *Graves v. Saline County*, 104 Fed. 61, it was said by the circuit court of appeals, seventh circuit:

"Where interest is not stipulated for in an obligation, although it may be recoverable under the statute as damages, it cannot be recovered after acceptance by the creditor of full payment of the principal, and it is immaterial that he accepted the principal under protest." (Syl. ¶ 2.)

In *Louisville & Nashville Railroad Company et al. v. Alford & Company*, 5 Ga. App. 428, it was said:

"Where the principal of the damages is accepted as such by the creditor from the debtor, all claim for interest is extinguished." (Syl.)

In the case of *Bennett v. Coal and Coke Co.*, 70 W. Va. 456, it was said:

"The fact that receipt of payment without interest may have been done under protest of a creditor will not change the legal effect of his act on his right to maintain a subsequent separate suit to recover the interest." (Syl. ¶ 6.)

Under the title of "Compromise and Settlement" it is said in 12 C. J. 320:

"Where a tender is made on condition that it shall be received in settlement of a disputed claim, it is the duty of the party to whom it is made either to refuse it or to accept it on the terms as made. He has no right to accept the tender and prescribe the terms of his acceptance. Where a tender thus made is accepted it is binding, although the acceptance is under protest or with the express declaration that it is received in part satisfaction only."

In the case of *Burger v. First Nat'l Bank,* 124 Kan. 23, 257 Pac. 979, the second syllabus is as follows:

"When parties to a transaction differ as to how it should be settled, one of them contending it should be settled on one basis, the other contending it should be settled on another basis, and one proposes the settlement on the basis as he contends for and the proposition is accepted, it is in legal substance a settlement. The fact that the party accepting does so complainingly avails him nothing. The effective way for him to protest such settlement is to decline the offer of settlement."

The first syllabus in the case of *Hoop v. Kansas Flour Mills Co.,* 124 Kan. 769, 262 Pac. 544, is as follows:

"Where a creditor and debtor have a dispute as to the amount of a debt, and the debtor remits checks for the amount of what he contends the debt to be, intending such remittance to be in full payment thereof, and the creditor accepts and knowingly retains the amount thus remitted, the legal consequence is that of an accord and satisfaction, notwithstanding the creditor immediately wrote to the debtor stating that he had deposited the checks, indorsed under protest, and that he expected the debtor to pay him the balance claimed by him to be still due from defendant."

Under the title of "Contracts" in 13 C. J. 671, it is said:

"A waiver may be express, or may be inferred from actions or conduct; but all the attendant facts, taken together, must amount to an intentional relinquishment of a known right, in order that a waiver may exist. Acts relied on as constituting a waiver must be inconsistent with an intention to insist on the rights of the party under the contract, and must contain the elements of an estoppel."

A waiver is defined in 27 R. C. L. 904, as follows:

"It is a voluntary act, and implies an election by the party to dispense with something of value, or to forego some advantage which he might, at his option, have demanded and insisted on."

The feature of waiver and estoppel is often discussed and applied in cases of accord and satisfaction, in which connection see *Neely v. Thompson,* 68 Kan. 193, 75 Pac. 117; *Sigler v. Sigler,* 98 Kan. 524, 158 Pac. 864; and *Peoples Exchange Bank v. Miller,* 139 Kan. 3, 29 P. 2d 1079.

It being the apparent and reasonable intention of the court order and the election as heretofore concluded in this opinion that $3,500 was to be regarded as the whole and entire amount of the modified judgment without any interest thereon, the appellant certainly waived any right he might have had to insist upon interest on the reduced amount by his accepting the reduced amount paid to the clerk and receipting the docket for it without interest, even if he did at or near the same time demand interest on the reduced amount.

We think the trial court did not err in sustaining the motion to quash the execution and the order of attachment.

The judgment is affirmed.