Koontz v. Weide.

No. 23,853.

JACK DALE KOONTZ, by L. H. KOONTZ, His Next Friend, *Appellee,* v. LENA WEIDE, *Appellant.*

SYLLABUS BY THE COURT.

1. SLANDER—*Words Charging a Felony—Actionable Per Se.* In this action for slander the words used by the, defendant are held to have charged the plaintiff with a felony and of themselves were actionable.

2. SAME—*Admission of Evidence—Rulings.* Rulings on the admission of evidence examined and held to be without material error.

3. SAME—*No Error in Instructions.* Instructions relating to the slander charged and established by the evidence examined and held to be without prejudicial error.

4. SAME—*No Release or Bar to Recovery of Damages Shown.* After discovering that the crime which defendant had imputed to plaintiff had not been committed, defendant apologized to plaintiff for the wrong and with it gave him a dollar which was retained for a few hours and then returned. *Held,* that the gift, under the circumstances, did not constitute a release or bar a recovery for slander as there could be no release unless there was a meeting of the minds of the parties and a mutual understanding that the payment and acceptance of the money was in settlement of defendant's liability.

5. SAME—*Apology or Retraction No Defense.* The apology or retraction of defendant did not operate as a bar to a recovery of damages and was only admissible as tending to show an absence of malice and in mitigation of damages.

6. JUDGMENT—*Return of Verdict—Duty of Clerk to Enter Judgment.* Upon a return of a verdict it is the duty of the clerk to enter judgment in conformity to the verdict unless an order is made reserving the case for future argument or consideration.

7. SAME—*Interest on Judgment.* Plaintiff in whose favor a verdict is returned cannot be deprived of interest on his judgment by the failure of the clerk to enter the judgment as the law directs.

8. SAME. A judgment entered allowing interest thereon from the time of the verdict is held not to be erroneous although a motion for a new trial was filed which was not denied and a formal judgment was not entered until twenty-five days after the verdict was returned.

Appeal from Stafford district court; DANIEL A. BANTA, judge. Opinion filed July 8, 1922. Affirmed.

*Robert Garvin,* and *Ray H. Beals,* both of St. John, for the appellant.
*Paul R. Nagle,* and *Harry T. Gray,* both of St. John, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The plaintiff, Jack Dale Koontz, who was ten years of age, brought an action by his next friend for slander, against Lena Weide, and recovered a judgment for $150, from which defendant appeals.

The defamatory words alleged to have been uttered in the presence of a number of persons were:

"You little thief, you stole my pocketbook with $20.50. You took it, I am going home and call Mr. Dawson, the city marshal, and have him put you in jail. I will have you arrested."

Two witnesses testified that slanderous words were spoken substantially as alleged while other witnesses gave a modified version of the language used. The jury in answer to a special question found that the words uttered upon which the verdict was based were:

"You stole my pocketbook, I am going to have you arrested."

It appears that the defendant had left her pocketbook on a table in her house and, returning later to get it, discovered that it was not on the table. The plaintiff and other children had been in the house and for some reason defendant jumped to the conclusion that plaintiff had taken it. She sent for the boy and when he arrived she accused him of the theft. It turned out that another member of her family had removed the pocketbook from the table and put it in a receptacle on the buffet. Sometime after finding the pocketbook defendant sent for the boy, apologizing to him for making the accusation, and gave him a dollar which was returned to the defendant by the father of plaintiff.

There is no basis for a serious dispute that the slanderous accusation was made.

There is complaint that the court excluded a negative answer of defendant to the question, "Did you call him a thief?" The objection was properly sustained upon the ground that the question was leading and suggestive. In response to other questions she was permitted to deny in effect that she had called plaintiff a thief. Objections were sustained to other questions upon like grounds but in most cases the rulings were based on the form of the questions, and the evidence was later admitted in answer to questions that

were deemed to be unobjectionable. We discover no material error in the rulings on the admission of evidence.

There is complaint as to the instructions in that more attention was given by the court and a greater number of instructions were given relating to the claims of the plaintiff than to the defenses of the defendant. Error can hardly be predicated on an unequal division of instructions or words used by the court in submitting the claims of the respective parties to the jury. The defense pleaded was stated and the jury were instructed that there could be no recovery unless the plaintiff established his claim by a preponderance of the evidence.

Special complaint of instruction thirteen is made in which the jury were advised that:—

"Now it is claimed upon the part of the plaintiff that shortly after he had been at the place of residence of the defendant that the defendant in the presence of others openly accused him of stealing her pocketbook containing $20.50, and that she threatened to have him arrested and put in jail unless he restored the same to her. On the other hand it is claimed by the defendant that while she entertained a suspicion of his having stolen her pocketbook, containing $20 or more, that she did not accuse him of its theft, but only inquired of him whether or not he had taken it. Now if you believe from the evidence that the defendant did in the presence of others by the use of the language set out in plaintiff's petition or a sufficient number of the words therein alleged when taken according to their usual and accepted meaning, constitute a charge of larceny of $20 or more, accuse the plaintiff with stealing her pocketbook as alleged, then and in such case such charge would amount to a charge of the crime of larceny, which crime is punishable by imprisonment and hard labor under the laws of Kansas, without the allegation of special damage. But if you believe from the evidence that the defendant did not accuse the plaintiff of the larceny of her pocketbook and its contents in the words as charged in the petition, but simply asked him if he had taken it and that the language made use of by her did not constitute an imputation of the commission of the crime by him, then in such case such language would not be actionable *per se.*"

Of this instruction it is contended that aside from the undue prominence given to the claim of plaintiff which tended to obscure the defense, the court used the expression that certain language would not be actionable *per se*, and did not define the meaning of the expression. It appears that in another instruction the court did explain that words imputing a crime are of themselves actionable from which malice will be inferred. A reading of the entire charge satisfies us that the case was fairly submitted to the jury and that

nothing approaching material error is to be found in the instructions.

Nor do we find anything substantial in the contention that the boy settled the claim and is barred from recovering damages because he received and kept the dollar for a few hours which defendant handed him, when she apologized for her accusation. It may well be questioned whether a boy ten years old is capable of making a release which he could not disaffirm at any time before attaining majority, but even if he should be regarded as capable of executing a valid release, there was in fact no agreement of release negotiated for or made. There could be no release unless there was a meeting of the minds of the parties and a mutual understanding that the payment and acceptance of the dollar were in full settlement of defendant's liability. It is not shown or even claimed that such an agreement was made. Evidently the defendant when she made her apology to the boy accompanied it with the $1 tip as a kindly expression of her penitence for wrongfully charging him with a crime. An apology for or a retraction of a slander of itself does not operate as a bar to a recovery of damages but is only received as tending to show an absence of malice and in mitigation of the damages recoverable. (17 R. C. L. 327, 448.)

A question has been raised as to the allowance of interest on the award of damages. The verdict was returned on May 24, 1921, and interest was allowed on the award from that date. Within three days after the return of the verdict a motion for a new trial was made which was denied on June 19, 1921. It is not shown whether or not the judgment was announced when the verdict was returned. Evidently it was not formally entered until June 19, twenty-five days after the rendition of the verdict and the interest for that period on the award made, about 65¢, would hardly pay for printing the arguments concerning it. The court found and determined that—

"Judgment should be rendered for the plaintiff in accordance with the verdict of the jury rendered on the said 24th day of May, 1921," etc.

It was the duty of the clerk to enter judgment in conformity to the verdict when it was returned unless it was special or the court ordered the case to be reserved for future argument or consideration. (Civ. Code, § 407.) It does not appear that an order of reservation was made by the court. A motion for a new trial does not

necessarily stay proceedings upon a judgment. (*Church v. Goodin,* 22 Kan. 527.) The plaintiff should not be deprived of interest on his recovery through the failure of the clerk to perform his duty in entering a judgment. The delay in the formal entry of judgment resulted from the action of the defendant. It has been said:

"We think the general rule to be gleaned from the authorities is that where delay in entering judgment on the verdict is occasioned by the act of the party against whom it is rendered, interest is allowed." (*K. C. Ft. S. & M. Rld. Co. v. Berry,* 55 Kan. 186, 40 Pac. 288, 193, citing *Irvin v. Hazelton,* 37 Pa. St. 465; *Shephard v. Brenton,* 20 Iowa, 41; *Bull v. Ketchum,* 2 Denio, 188.)

It cannot be held that there was error in the allowance made for interest.

The judgment of the district court is affirmed.