No. 42,505

Ann Muraski, *Appellee*, v. Inter-State Federal Savings and Loan Association, a Corporation, *Appellant*.

(369 P. 2d 226)

Opinion filed March 3, 1962.

*Dwight L. Larson*, of Kansas City, Mo., and *Donald C. Little*, of Kansas City, Kansas, argued the cause and were on the briefs for appellant.

*J. W. Mahoney*, of Kansas City, argued the cause, and *David W. Carson*, *John K. Dear*, *Ernest N. Yarnevich*, *Joseph T. Carey* and *John W. Fields*, all of Kansas City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Jackson, J.: In the court below, appellee sued the appellant as defendant alleging that plaintiff on October 7, 1958 had entered defendant's place of business as a customer and business invitee and that she suffered personal injury when she stepped upon a metal plate or cover of a fire-hose well which had been allowed to become wet and slippery, and that plaintiff was thus caused to fall and suffer serious injury. It was further alleged and shown in plaintiff's evidence that the plate or cover was directly in front

of the main office door and within the main area where people had to walk in entering the office. Plaintiff also showed that the day of the accident was rainy and that water had collected near the well cover; that after she fell she examined the metal cover which was wet and seemed to be slick and slippery.

The defendant contended that it was required to have the fire well at that location because of the ordinances of the city of Kansas City, but its own witness the Fire Chief indicated that he did not think it wise to have the well exactly in front of the door; that he would have approved a location at one side of the door as long as the fire well was available. He further testified that there were a number of different covers which were approved; that he made no selection between the covers as to an avoidance of their becoming slippery but left that to the store owner; and further testified that the fire department had not raised any question about covering the metal plate with a light rubber mat or rug, and that many store owners did so cover such plates. Plaintiff testified defendant's cover was under a light rubber mat at all times after plaintiff's accident.

In defendant's brief there is some disposition to argue the demurrer to plaintiff's evidence alone without considering all of the evidence. Of course, when defendant introduced its own evidence, it waived the demurrer to plaintiff's evidence alone and must fall back upon the motion for directed verdict at the close of all the evidence, see *Ziegelasch v. Durr,* 183 Kan. 233, 326 P. 2d 295; and *Ogilvie v. Mangels,* 183 Kan. 733, 332 P. 2d 581, and other cases.

Defendant argues that it was only following the law; that it had no notice that the plate was slick. From defendant's own evidence the jury had a right to believe defendant had a hand in the location of the fire well and it may be noted defendant had no trouble in covering the plate immediately after plaintiff's injury.

We feel that defendant cannot contend that it had no part in the location of the fire well. In view of its own evidence, it had a great deal to do with it. In *Little v. Butner,* 186 Kan. 75, 348 P. 2d 1022, we were concerned with a slick floor. The owner said he had no notice of its slickness. We held at page 81 of that opinion that where the proprietor had a part in the creation of the slickness of the floor, no notice of its danger was required.

Another matter covered in defendant's brief may be noted. We are cited to certain early cases by this court where the trial court allowed evidence to the effect that there had been no other accidents

prior to plaintiff's injury. Defendant points out that the court below refused such evidence in the trial of the instant case, and claims the defendant is therefore entitled to a new trial.

We would direct attention to the annotation in 31 A. L. R. 2d 190 wherein the admissibility of such evidence is discussed. It is noted that evidence of no accidents is especially inconclusive (p. 195) and we quote the following from the annotation (p. 196):

"However, several of the more recent and better-considered cases appear to have adopted the view that while the confusion incidental to the investigation of collateral issues may justify the exclusion of such evidence, some such confusion is inherent in the consideration of almost any item of circumstantial evidence, and the matter is primarily one of trial administration, which should ordinarily be left to the reasonable discretion of the trial court."

We further direct attention to the cases cited in section 3 of the annotation, p. 196.

In view of the above, we are content to hold that defendant has failed to show any reversible error in this exclusion of evidence.

Careful attention has been made to the matters urged as to the jury's instructions and all other matters contained in the defendant's brief. We have heretofore settled the main contention between the parties, and see no reason to state it over and over in different ways.

The judgment of the district court is hereby affirmed. It is so ordered.