No. 42,941

ADLEY LORBEER, *Appellant*, v. ROGER KENT WEATHERBY, A Minor, by and through his Father and Next Friend, HOWARD G. WEATHERBY, *Appellee*.

(376 P. 2d 926)

Opinion filed December 8, 1962.

*Albert Poznik*, of Neodesha, argued the cause and was on the brief for the appellant.

*Steven W. Rogers*, of Fredonia, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This was an action to recover for the alleged negligence of defendant, Roger Kent Weatherby, in backing his car into an electric gasoline pump owned by plaintiff.

Judgment was for defendant, and plaintiff has appealed.

As the case is presented to us, the underlying question is whether the verdict is supported by the evidence. Stated another way—the question is whether the verdict is contrary to the evidence.

Highly summarized—the petition alleges:

Both plaintiff and defendant are residents of Neodesha. Plaintiff is the owner of the premises and equipment leased for purposes of a gasoline filling station. On the night of February 13, 1960, defendant backed his car into an electric gasoline pump owned by plaintiff and being used at the filling station. As a result the pump

was knocked over, bent, smashed, damaged and rendered substantially valueless. Defendant was negligent in that he failed to observe the pump; failed to keep and maintain a reasonable and proper lookout, and carelessly failed to keep his car under reasonable and proper control so as to enable him to avoid colliding with the pump. As a result of defendant's negligence plaintiff was damaged in the amount of $686.95, and recovery was sought in that amount, together with costs.

The answer is not abstracted, but we are told it consisted of a general denial and an admission of the identity of the parties and their addresses.

Because of the disposition we believe must be made of this case —the evidence contained in the record is set out in full.

From the abstract:

"TESTIMONY OF LESTER M. HOFF.

"Lester M. Hoff testified that he was a resident of Neodesha and that on 13th day of February, 1960, he was employed by the City of Neodesha, in the Police Department, and that he investigated the wreck in question immediately upon being notified of same, that he noticed the pump knocked over cock-eyed and they couldn't use it any more, and that he had a conversation with the defendant as follows:

"*Direct Examination.*

"Q. Did you talk with Roger Kent at the scene?
"A. Yes, sir.
"Q. What was said, if anything?
"A. He said he backed into it (the pump), wasn't watching where he was going.
"Q. Did you make an arrest at the time?
"A. No, I didn't.
"Q. What was the reason you did not?
"A. He said he would take care of it.

"TESTIMONY OF ROGER KENT WEATHERBY.

"Roger Kent Weatherby testified on direct examination that he lived in Neodesha, and that he was the defendant in this action and that he was the party involved in the accident at Tom Adam's gasoline station.

"*Direct Examination.*

"Q. Tell the Court and jury if you will, Mr. Weatherby, what happened that night as you remember it?
"A. As best I recall, it was about ten-thirty at night and I was going home about to run out of gasoline, so I drove into a truck stop to get some, and I pulled away from the pump too far when I drove in; I was probably ten feet from the pump, and it was cold, and my windows, back windshield, was frosted over, and when I went to back up, I tried to look out the back windshield and my back bumped.

*"Cross Examination.*

"Q. You are not denying that you hit the pump are you?

"A. No, I am not.

"Q. And you say you backed up and you didn't look where you were backing?

"A. I was looking out the rear-view mirror—out the rear window, it was fogged over.

"Q. What side of the pump were you when you were backing?

"A. The north side.

"Q. The north side?

"A. Yes, sir.

"Q. You were looking out your right window?

"A. The rear window.

"Q. It was frosted over, is that right?

"A. Yes.

"Q. You didn't have any side mirror on this car?

"A. Yes there was.

"Q. Did you look in that?

"A. No I wasn't."

From the Counter abstract:

"TESTIMONY OF ROGER KENT WEATHERBY.

*"Direct Examination.*

"Q. (By Mr. Rogers) Was there anyone there standing outside of the station?

"A. Yes.

"Q. Did you feel he was the service station attendant?

"A. He was.

"Q. Did he say anything further at that time?

"A. On the way back to the building he said. 'We wanted a new pump and now we got one.'

"Q. Now Mr. Weatherby, there has been some testimony put on by the plaintiff, Mr. Hoff, who was at that time on the police force and was apparently the officer called; he testified that you told him that you would take care of it.

"A. What happened was he came down and said, 'I know the boy's father' and 'It would be taken care of.' I didn't say anything. . . ."

The instructions are not abstracted.

We are told that no special questions were submitted.

The jury returned the following verdict:

"We, the jury, impaneled and sworn, do upon our oaths find for the defendant, not guilty."

Two of the grounds of plaintiff's motion for a new trial were that the verdict was given under the influence of passion or prejudice, and that it was contrary to the evidence.

The motion was overruled, and the order thereon recites:

"The court, after hearing the argument of counsel and being fully advised in the premises, finds that the motion should be over-ruled. The court further finds that he is satisfied with the verdict rendered in this matter."

Plaintiff contends that, even disregarding his evidence, the testimony of defendant himself establishes beyond question that he, defendant, was negligent in backing his car into the pump and therefore the verdict is clearly contrary to the evidence, and that it was error for the trial court to approve it and enter judgment thereon.

Defendant contends that by its verdict the jury resolved all questions pertaining to negligence and alleged damage in his favor; that judgment on the verdict was properly entered, and that plaintiff's motion for a new trial was correctly overruled.

Before discussing specifically the record presented, we mention a few general rules which are so fundamental and elementary as to require no citation of authority.

Negligence is never presumed, and in a negligence action the burden is upon a plaintiff to establish by a preponderance of the evidence both negligence and the resulting damage. By its general verdict a jury is presumed to have found all issues in favor of the prevailing party, and, a finding below, supported by evidence—although contradicted by other evidence—will not be disturbed. On appeal, error below is never presumed and the burden is upon an appellant to make it affirmatively appear. This court does not weigh evidence, and its duty is to examine the record to ascertain if there is any evidence—although disputed—to support the finding below. Generally speaking, on appeal, the action of a trial court in approving a verdict is to be given great weight.

By its verdict in which it found the defendant "not guilty," we assume the jury found defendant "not guilty" of *negligence*—despite the fact the evidence in the record before us establishes conclusively that defendant backed his car into the pump. He admitted he did so. If there was any evidence to the contrary it should have been included in the counter abstract. It is not contended that plaintiff did not own the pump. We are not concerned here with the matter of damages, but on the negligence feature of the case just how the

Notwithstanding the force and effect of the aforementioned general rules—including the weight to be given the fact that here the trial court approved the verdict—it is our opinion that on the record presented, and which has been quoted in full, this verdict is not supported by any evidence and is in fact directly contrary to the evidence.

A jury is not authorized arbitrarily or from partiality or caprice to disregard uncontradicted and unimpeached testimony, nor to disregard the only evidence upon a material question in controversy and return a verdict in direct opposition. (*In re Estate of Erwin,* 170 Kan. 728, syl. 1, 228 P. 2d 739.)

In *A. T. & S. F. Rld. Co. v. Wagner,* 33 Kan. 660, 7 Pac. 204, it was held:

"Whenever the verdict of a jury, or any necessary and material fact involved in the verdict, is not sustained by the evidence, or by any sufficient evidence, the supreme court will set it aside and grant a new trial, although the verdict may have been approved by the trial court." (syl. 8.)

In *Dewey v. Barnhouse,* 75 Kan. 214, 88 Pac. 877 (although having to do with special findings), it was held:

"Where in a trial by a jury special findings of fact are returned with the general verdict, and it appears from the answers to the special questions submitted that the undisputed evidence in the case was disregarded to such an extent as clearly to indicate that the case was not fairly considered, the verdict and special findings should be set aside and a new trial granted." (syl.)

In *Collins v. Morris,* 97 Kan. 264, 155 Pac. 51, it was held:

"While it is not the province of this court to weigh the evidence, it may determine that there is or is not sufficient evidence to support the verdict; and in this case the court determines the verdict is contrary to the evidence and therefore the judgment is reversed." (syl. 6.)

On the proposition that where a verdict is contrary to or not supported by the evidence, it should be set aside and a new trial granted, see also the numerous cases cited in Hatcher's Kansas Digest, Rev. Ed., Volume 4, New Trial, §§ 22 and 24.

On the record presented this verdict is not supported by any evidence and is in fact directly contrary thereto. It was, therefore, erroneously approved by the trial court. The judgment is reversed with directions to grant a new trial.

WERTZ, J., not participating.