No. 43,429

ELMA MAE REEL, *Appellee,* v. S. H. KRESS AND COMPANY, *Appellant.*

(389 P. 2d 831)

Opinion filed March 7, 1964.

*J. Curtis Nettels,* of Pittsburg, argued the cause, and *R. L. Letton* and *R. L. White,* both of Pittsburg, were with him on the brief for the appellant.

*Herman W. Smith, Jr.,* of Parsons, and *Perry Owsley,* of Pittsburg, argued the cause, and *Elmer W. Columbia* and *John B. Markham,* both of Parsons, were with them on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This was an action to recover for personal injuries sustained by plaintiff when she slipped and fell on the floor of defendant's store. Defendant has appealed from a verdict and judgment in favor of plaintiff.

The petition charged defendant company with negligence in placing oil, wax, grease, or other slippery substance, on the floor of its store, and in permitting such accumulation to remain, and in failing to give plaintiff any warning thereof. Recovery was sought in the sum of $10,000.

The answer, after denying plaintiff's allegations of negligence, alleged that plaintiff's injuries were the result of contributory negligence, or that the same were the result of an accident for which defendant was in no way liable.

Plaintiff's evidence was to the following effect:

She was forty-three years of age, and for the past ten years had been employed as a clerk and bookkeeper at a drug store across the street from defendant's store. On December 21, 1959, about 9:30 a. m., she left the drug store and went across the street to do some Christmas shopping in defendant's store. The weather was bright and dry. Upon entering defendant's store she proceeded down a regular aisle toward the rear when suddenly her feet flew out from under her and she fell to the wooden floor. She was considerably "embarrassed" but was able to get up by herself. Upon looking to see what had caused her to fall she observed "a large brown oily or greasy spot" which looked "like it would be caused where you used a sweeping broom and left sweeping compound set for a little while before it was removed." The spot was darker in color than the rest of the floor, but she did not reach down and feel it. Being "embarrassed and shook up," she immediately left the store and went across the street to the drug store. Her dress had a dark greasy and dirty spot on it where she had "sat down," and she sent it to the cleaners.

One of defendant's employees heard, but did not see, plaintiff fall. This employee, upon investigation, did not see anything at the point where plaintiff had fallen. Shortly thereafter plaintiff reported her fall to defendant's manager. At a later date, in a conversation with the janitor-stock boy at defendant's store concerning methods used in cleaning or sweeping the floor, she was told by him that "we don't gob it on any more."

Defendant's evidence was to the effect that shortly after plaintiff's fall its manager and another employee inspected the spot where plaintiff had fallen but found nothing in the way of any foreign substance which would have caused the fall, and that the floor at the place in question was no different than the rest of the floor.

At the conclusion of the evidence the court submitted six special questions which, together with the jury's answers, were as follow:

"Question No. 1: Do you find that the defendant was negligent as defined by the Court in any of the particulars alleged by the plaintiff?

"Answer: Yes.

"Question No. 2: If you answer Question No. 1 'Yes,' set out the negligence or negligent conduct?

"Answer: Allowing something to be present on the floor which caused the customer to slip and fall.

"Question No. 3: Do you find the plaintiff guilty of negligence which caused or contributed to her injury?

"Answer: No.

"Question No. 4: If you answer Question No. 3 'Yes,' set out the negligence or negligent conduct?

"Answer: No.

"Question No. 5: If you answer Question No. 1 'Yes,' do you find that the negligence or negligent condition ought to have been discovered by the defendant by the exercise of reasonable care?

"Answer: Yes.

"Question No. 6: If you answer Question No. 1 'Yes,' do you find the negligence or negligent conduct was created or maintained by the defendant?

"Answer: Yes."

In addition to the special findings the jury returned a general verdict for plaintiff in the amount of $3,625.

Following the overruling of its motion for a new trial, defendant appealed.

In its brief defendant states that it is not raising any question as to the extent of plaintiff's injuries or as to the amount of the verdict. Basically, its contention appears to be that under the evidence presented plaintiff simply established no right of recovery.

Defendant first contends the trial court erred in overruling its demurrer to plaintiff's evidence and in overruling its motion for a directed verdict at the close of all the evidence. Notwithstanding that each of those rulings is specified as error, neither was appealed from and therefore neither is subject to review by this court. (See *Blackburn v. Colvin*, 191 Kan. 239, syl. 1, 380 P. 2d 432, and the cases cited.)

It next is contended the court erred in overruling its motion for judgment notwithstanding the verdict, and that the verdict and special findings are not supported by the evidence.

As to the first proposition, there is no inconsistency between the special findings and the general verdict, and the special findings are consistent with each other. And neither may it be said there was no evidence to support the verdict and special findings. Plaintiff's evidence, while rather "skimpy," so to speak, in the sense there was very little corroboration, was sufficient to present to the trier of the facts for belief or disbelief. No question is raised concerning the instructions as to the law applicable to the duty owed to a business invitee, or as to any other aspect of the case. Apparently the jury simply chose to believe plaintiff's testimony to the effect there was some slippery foreign substance on the floor which

caused her to fall and which was there as the result of defendant's own conduct and operation of its business.

With respect to the contention the court erred in overruling its motion for a new trial, defendant raises only one question—that being the refusal of the trial court to submit five special questions which asked the jury whether there was a slippery substance on the floor as alleged by plaintiff, and, if so, what it was, how it got there, how long it had been there, and whether defendant had notice of its presence.

Considering the evidence and the wide discretion allowed a trial court in submitting special questions, we believe defendant's contention lacks substantial merit. For the reason that plaintiff simply did not know—there was no direct evidence as to just what the slippery substance on the floor consisted of, or as to how it got there and how long it had been there. Questions Nos. 1, given and refused, were essentially identical. Question No. 5, refused, asked if defendant had notice of the presence of the substance on the floor—whereas question No. 5, given, asked whether the negligent condition ought to have been discovered by defendant in the exercise of reasonable care. By its answers to questions Nos. 5 and 6, above, the jury found that the condition was created or maintained by defendant, and that it should have been discovered by defendant in the exercise of reasonable care. For a discussion of the rule relating to the necessity of notice on the part of a storekeeper of a negligent condition, see *Little v. Butner*, 186 Kan. 75, 81, syl. 5, 348 P. 2d 1022. Under the evidence and in the light of those questions submitted, defendant was in no way prejudiced by the refusal to submit the five requested special questions.

And finally, it is argued the trial court erred in fixing the date from which interest on the judgment should run. The verdict was returned on October 16, 1962. Post-trial motions were overruled on November 15, 1962. Interest on the judgment was ordered to run from October 16, 1962—the date of the verdict. Under the provisions of G. S. 1949, 60-3117, as construed in *Koontz v. Weide*, 111 Kan. 709, syl. 8, 208 Pac. 651, and *Degnan v. Young Bros. Cattle Co.*, 152 Kan. 250, 258, 259, syl. 6, 103 P. 2d 918, the allowance of interest from the date of the verdict was proper.

We find no error in the record and the judgment is affirmed.

FONTRON, J., not participating.