No. 44,470

Eva Jane Smith, *Appellee,* v. Mr. D's, Inc., *Appellant.*

(415 P. 2d 251)

Opinion filed June 11, 1966.

*John E. Rees,* of Wichita, argued the cause, and *Wayne Coulson, Paul R. Kitch, Dale M. Stucky, Donald R. Newkirk, Gerrit H. Wormhoudt, Philip Kassebaum, Robert T. Cornwell, Willard B. Thompson, David W. Buxton, John T. Conlee, John Prather,* and *Richard I. Stephenson,* all of Wichita, were with him on the brief for the appellant. *Homer V. Gooing* and *Hugo T. Wedell,* of counsel.

*David S. Carson,* of Wichita, argued the cause, and *Clarence R. Sowers* and *John W. Sowers,* both of Wichita, were with him on the brief for the appellee.

The opinion of the court was delivered by

O'Connor, J.: This is an action to recover damages for personal injuries alleged to have been sustained by the plaintiff (appellee) when as a customer in the defendant's (appellant's) self-service grocery store she slipped on a piece of lettuce and fell. The jury returned a verdict in favor of plaintiff, and the defendant has appealed from the judgment entered thereon, contending there was no substantial, competent evidence to support the verdict on the issue of liability.

In examining defendant's contention, which is the principal question for our determination, we are mindful that we do not weigh the evidence but that our duty as an appellate court extends only to a search of the record for the purpose of determining whether or not there was substantial, competent evidence to support the verdict. If so, the verdict will not be disturbed on appeal. (*Diefenbach v. State Highway Commission,* 195 Kan. 445, 407 P. 2d 228; *Winn v. Sampson Construction Co.,* 194 Kan. 136, 398 P. 2d 272; *Lorbeer v. Weatherby,* 190 Kan. 576, 376 P. 2d 926.)

Summarily, the facts, as disclosed by the evidence, are that on May 30, 1962, plaintiff, accompanied by her friend Alberta Wallace, entered defendant's store about mid-afternoon to make some purchases. Plaintiff proceeded toward the meat department and Mrs. Wallace went to another part of the store. The produce area of the store was along the aisle up which plaintiff was walking. The aisle was clear of any displays or obstructions, and there were no customers preceding plaintiff up the aisle. As she reached a point approximately halfway to her destination she suddenly slipped and fell to the floor. There were no witnesses to the accident; however, Charles Bryant, the assistant produce manager who was in the "wrapping room" about ten feet away, came immediately to plaintiff's assistance and picked her up. The cause of the fall was unknown to plaintiff until after she had been helped to her feet. It was then plaintiff noticed what appeared to have been a piece of lettuce "approximately three inches in diameter"—although little of it was left by which its size could be determined—lying on the floor to the right of her, and on which she claims she slipped. Bryant also saw what remained of the piece of lettuce and noticed a green streak on the floor. He picked up the lettuce, discarded it, then went to the back of the store to get a mop and proceeded to clean the floor. Plaintiff walked to where Mrs. Wallace was and together they returned to the aisle in the produce department so that plaintiff could point out the location of her fall to Mrs. Wallace. Plaintiff then went to the meat department, completed her purchases, and left the store.

Plaintiff's testimony concerning the physical appearance of the aisle when she and Mrs. Wallace returned to the accident site was that certain vegetable matter and other debris lay scattered on the floor beneath the display cases. This testimony, although corroborated by Mrs. Wallace, was disputed by Bryant, who testified he did not observe any other items on the floor other than the piece of lettuce he had picked up.

Defendant's proof was to the effect that the floors were swept and mopped each night after the store was closed, and it was the store's policy, immediately after stocking the display shelves during the day, to sweep and clean the aisle of any produce that may have fallen to the floor. Concerning days when the store would have a sale on lettuce—and there was evidence indicating this may have been a sale day—the testimony elicited was that occasionally the heads would not be wrapped and sealed in cellophane, as was the customary procedure. Instead, rubber bands were placed around the leaves to hold them on the heads. Sometimes the rubber bands would not hold the leaves securely and, as a result of being handled and abused by customers, the leaves would fall to the floor. The cleaning practice related above was followed on the day in question.

It is undisputed that the plaintiff was a business invitee at the time of her fall. The defendant, as a proprietor, was under a duty to use ordinary care to keep in a reasonably safe condition those portions of its premises which could be expected to be used by invitees. The duty imposed on a proprietor is predicated on his superior knowledge over that of business invitees of any dangerous condition and his failure to give warning of the risk. However, a proprietor is not an insurer against all accidents which may befall invitees on the premises. (*Magness v. Sidmans Restaurants, Inc.,* 195 Kan. 30, 402 P. 2d 767; *Little v. Butner,* 186 Kan. 75, 348 P. 2d 1022.) The *Little* case has become a lodestar in this state on the subject of the liability of a proprietor to a business invitee who slips and falls on an interior floor of the proprietor's premises. (*Magness v. Sidmans Restaurants, Inc.,* supra; *Marietta v. Springer,* 193 Kan. 266, 392 P. 2d 858; *Reel v. Kress & Co.,* 192 Kan. 525, 389 P. 2d 831; *Muraski v. Inter-State Federal Savings & Loan Ass'n,* 189 Kan. 338, 369 P. 2d 226.)

In those cases involving injuries to customers which result from a dangerous condition not created by the proprietor but traceable to persons other than those for whom the proprietor is responsible, proof that the proprietor was negligent with respect to the floor condition requires a showing that he had actual notice thereof or that the condition existed for such a length of time that in the exercise of ordinary care he should have known of it. (*Magness v. Sidmans Restaurants, Inc.,* supra; *Relahan v. F. W. Woolworth Co.,* 145 Kan. 884, 67 P. 2d 538.) Cases in this class are distinguished from those wherein the dangerous condition is one which is trace-

able to the proprietor's own act, that is, a condition negligently created or maintained by him or under his authority, or one in which he is shown to have taken action. In such instance, proof of notice is unnecessary. (*Marietta v. Springer*, supra; *Reel v. Kress & Co.*, supra; *Little v. Butner*, supra; *Walker v. S. H. Kress & Co.*, 147 Kan. 48, 75 P. 2d 820; *Thogmartin v. Koppel*, 145 Kan. 347, 65 P. 2d 571; *Bury v. Woolworth Co.*, 129 Kan. 514, 283 Pac. 917.)

Defendant's contention concerning the insufficiency of evidence to support the verdict is based on the lack of proof that the lettuce leaf fell to the floor as the result of defendant's conduct; that the lettuce leaf fell to the floor a sufficient length of time prior to the accident so as to charge the defendant with constructive notice of its presence; and that defendant failed to exercise due care in its maintenance of the store floor.

Notwithstanding that plaintiff in her brief seeks to uphold the verdict under either of the categories previously set out, her counsel candidly admitted at oral argument that the case was tried, and, in fact, the court's instructions would so indicate, on the theory that the presence of the lettuce on the floor was traceable to persons other than those for whom the defendant was responsible, and, therefore, proof of notice, either actual or constructive, to the defendant was required.

Although there was nothing in the evidence to show by whose act the piece of lettuce came to be on the floor—whether it came about by an act of the defendant through its employees, by customers or otherwise—there was evidence that lettuce leaves sometimes fell on the floor as the result of the heads being handled by customers. In fact, the area where plaintiff fell was the display area which was regularly utilized by customers. Whether or not such evidence is sufficient to support a finding that the piece of lettuce was dropped by customers we need not decide, for defendant's liability in such instance must be predicated on proof that the defendant had actual or constructive notice. It is apparent from the record that the defendant had no actual notice. Query: Were there facts by which defendant could be charged with constructive notice? We think not. There was absolutely no evidence regarding the presence of the piece of lettuce until after plaintiff's fall, nor was it shown that anyone had knowledge of its presence on the floor prior thereto. The only evidence bearing upon the condition of the floor prior to the fall was that the floor had been swept after the display cases had been stocked in the morning

on the day in question. The record is otherwise silent. Consequently, the jury was without any facts from which it could determine that the lettuce had been on the floor for such a length of time that the defendant should have known of its presence.

Similar conclusions were reached in *Magness v. Sidmans Restaurants, Inc.,* supra, and *Relahan v. F. W. Woolworth Co.,* supra. In *Magness,* the plaintiff was proceeding to a table with a tray of food after serving herself in the defendant's cafeteria-type restaurant when she slipped on a pickle and fell. This court, in holding that the trial court properly sustained the defendant's motion for directed verdict at the close of the plaintiff's evidence, said:

". . . There was no evidence bearing upon the issue of how long the pickle was on the floor, and we think a jury could not determine whether the pickle was on the floor for such a length of time that the defendant, its agents or servants, should have known it was there. . . ." (p. 34.)

In *Relahan,* the plaintiff slipped and fell on a stairway in the defendant's store. A candy bar wrapper was found on the stairway. The wrapper was similar to those used on candy displayed and sold by the defendant at a counter near the top of the stairway. In concluding that there was no substantial evidence to support the jury's verdict, this court said:

"The mere presence of the paper wrappings on the steps does not show actionable negligence. This condition may occur in any store or market without negligence. It is necessary to show that these wrappings had remained on the steps long enough to charge the defendant with constructive notice of their presence. In this case there is no evidence that the paper had been on the steps any length of time before the accident. . . . It is not shown that the defendant had any knowledge of the presence of the paper or debris alleged in plaintiff's petition to have been on the stairway, nor any facts from which notice could be implied." (p. 888.)

In the instant case plaintiff testified "there wasn't much left of it [the piece of lettuce] after I got through slipping on it." She argues that from this fact, coupled with the fact that there was other debris on the floor, the jury could reasonably find the lettuce had been there for a sufficient length of time that the defendant had constructive notice of its presence. The argument is untenable. The evidence relates only to the condition of the lettuce as a result of its being damaged from plaintiff's stepping on it and not its appearance as to age or that it had been previously stepped on and mashed from customer traffic, which may, under some circumstances, be indicative of the length of time it was present on the

floor. (See *Great Atlantic & Pacific Tea Company v. Weems*, 266 Ala. 415, 96 So. 2d 741; *Morris v. King Cole Stores, Inc.*, 132 Conn. 489, 45 A. 2d 710.)

Since there was no evidence of actual or constructive notice to the defendant, we shall turn our attention to the record for the purpose of ascertaining if there was evidence that the presence of the lettuce was attributable to conduct of the defendant's employees, in which event proof of notice becomes immaterial. Although there was evidence that as a result of *being handled by customers* lettuce leaves sometimes fell to the floor, there was none to support a finding that leaves were or may have been dropped by the defendant's employees. The most that can be said is that a piece of lettuce was found on the floor in the vicinity of an area in which lettuce was displayed for sale by the defendant. To infer, under such circumstances, that its presence resulted from an act of the defendant's employees in stocking the display cases, or any other activity, would be to indulge in pure speculation and conjecture, which is no basis for tort liability. There simply was no evidence on the point.

In *Wroblewski v. Hillman's Inc.*, 43 Ill. App. 2d 246, 193 N. E. 2d 470, the plaintiff slipped on a vegetable leaf near the checkout counter of defendant's self-service grocery store. The trial court sustained defendant's motion for directed verdict predicated upon the plaintiff's failure to show either that the vegetable leaf was dropped by one of defendant's servants, or that it had been in place for a sufficient length of time to charge the defendant with constructive notice of its presence on the floor. On appeal, the trial court's ruling was sustained on both grounds. In discussing the sufficiency of circumstantial evidence to sustain a reasonable inference that the foreign substance was present on defendant's premises through the act of the defendant or its servants, the court applied the rule stated in *Olinger v. Great Atlantic & Pacific Tea Co.*, 21 Ill. 2d 469, 173 N. E. 2d 443, that:

" '[E]ven where there is proof that the foreign substance was related to defendant's business, but no further evidence is offered other than the presence of the substance and the occurrence of the injury, defendant is entitled to a directed verdict, such evidence being insufficient to support the necessary inference. (Citing cases.)' "

The plaintiff in *Wroblewski* asserted that a jury might reasonably find that the leaf in question came to rest on the floor through the negligence of the defendant's employees in that it may have

fallen from an empty shopping cart as it was being "jostled" into position by one of the employees for re-use by incoming customers. The court observed there was no evidence on the point, but even if there were, it would be wholly speculative to assume the leaf fell from a shopping cart under the defendant's control rather than from a parcel carried by a departing customer. A similar contention was urged and rejected in *Simpson v. Duffy,* 19 N. J. Super. 339, 88 A. 2d 520, *certif. den.* 10 N. J. 315, 91 A. 2d 230. Likewise, in *Magness v. Sidmans Restaurants, Inc.,* supra, this court noted there was no evidence which tended to show that the defendant, its agents or servants dropped the pickle on the floor, "or, for that matter, how the pickle came to be on the floor." The observation is equally applicable to the evidence of the instant case.

Plaintiff further urges that the presence of the piece of lettuce was traceable to the conduct of the defendant in packaging the lettuce in the manner in which it did on sale days—with only rubber bands instead of cellophane around the heads—and that this constituted a dangerous condition negligently created and maintained by the defendant. The argument is not persuasive. There was an absence of any evidence from which a jury could find that the placing of rubber bands instead of cellophane around the heads of lettuce created a dangerous condition which the defendant knew, or with the exercise of ordinary care, should have known, would render the premises unsafe. Further, there was nothing to show the method of packaging, as employed by the defendant, was not generally acceptable in the grocery industry or that it created hazardous conditions for patrons in the store.

It is axiomatic that negligence of the defendant could not be presumed from the mere fact plaintiff slipped and fell while on its premises; neither did the presence of the lettuce on the floor, alone, establish negligence on the part of the defendant. This was a condition which might occur in any grocery store without negligence. (*Relahan v. F. W. Woolworth Co.,* supra.) In order to recover, it was essential that plaintiff prove (1) the presence of the lettuce on the floor came about as the result of the defendant's negligent conduct, or (2) that it was present on the floor for a sufficient length of time prior to the accident that in the exercise of ordinary care defendant should have discovered it. For the reasons already stated, the jury's verdict cannot stand, and this opinion, therefore, need not be extended with a discussion of other contentions urged by the defendant.

While ordinarily a jury's verdict determining the question of a defendant's negligence is unassailable, nevertheless, a verdict that is unsupported by evidence cannot be sustained. After a careful examination of the entire record we conclude there was no substantial, competent evidence upon which a jury could return a verdict in favor of the plaintiff. The judgment is therefore reversed.