No. 45,810

AUDREY ELROD, *Appellee,* v. WALLS, INC., *Appellant.*

(473 P. 2d 12)

Opinion filed July 17, 1970.

*John E. Rees* argued the cause, and *Richard I. Stephenson,* both of Fleeson, Gooing, Coulson and Kitch, of Wichita, was with him on the brief for the appellant.

*James R. Schmitt* argued the cause, and *Carl L. Wettig,* both of Wettig, Schmitt and Caro, of Wichita, was with him on the brief for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from a judgment in an action to recover damages for injuries sustained from a fall in a supermarket.

Plaintiff and her companion, Mrs. Robert Maytum, left plaintiff's home at about 9:00 p. m. on July 21, 1967, to go to defendant's store. They entered at a door on the east side of the store and proceeded down the produce aisle. Plaintiff was pushing a grocery cart and looking for tomatoes. Mrs. Maytum was on plainitff's left. While proceeding along the produce aisle, plaintiff slipped and fell. The accident occurred between 9:10 and 9:15 p. m.

In addition to Mrs. Maytum, the accident was witnessed by Howard Doerflinger, a customer. Mr. Doerflinger's wife was with her husband but did not see the fall. Plaintiff testified that she slipped upon a lettuce leaf and possibly some pulpy substance which she thought was a grape. The Doerflingers testified that plaintiff slipped upon a lettuce leaf. Mrs. Maytum stated the fall was caused by plaintiff slipping upon a lettuce leaf and possibly a grape. There was a skid mark 12″—18″ long at the site of the fall.

Neither plaintiff, Mrs. Maytum nor the Doerflingers observed the foreign matter or the condition of the produce aisle prior to plaintiff's fall. The observations of the foreign matter were made after the accident. The lettuce leaf was variously described as: "kind of like a dish, it wasn't flat;" "real watery-looking;" "smashed where the skidmark was;" "laid out flat;" "not crisp;" "it had a skidmark through it;" "wilted;" "transparent, a light-kind of a light colored green;" "limp and mashed."

There was testimony that, after plaintiff's fall, the produce aisle was dirty and that there was other foreign matter present upon the floor.

The witnesses did not know how the foreign matter came to be present upon the floor, nor how long it had been there prior to the accident.

Defendant's produce supervisor testified that on the day of the accident defendant had a regular maintenance program for the produce aisle which included instructing employees to maintain a lookout for foreign matter, picking up anything found on the floor and sweeping the aisle whenever it was dirty. He testified that the aisle was swept on the average of at least every 30 minutes during

the day. He further testified that on the evening in question Mr. Bagley was responsible for the maintenance of the produce aisle until 9:00 p. m.

Bagley testified that on the day of the accident he arrived at defendant's store at 4:00 p. m. He swept and mopped the produce aisle around 8:45 p. m. He passed over it at 9:00 p. m. as he was leaving and the aisle was clear and free of foreign material at that time. Bagley further testified that the remaining employees were instructed to watch the aisle after he left the store.

The appellant's night man's "observance was that appellee had slipped on a cherry pit or a cherry."

Trial was to a jury which returned a verdict in favor of plaintiff in the amount of $12,000.

The defendant has appealed.

The appellant presents its first contention as follows:

"1. There was no substantial competent evidence that:

"(a) The presence of the lettuce leaf or other matter was traceable to defendant.

"(b) Defendant had constructive notice of the presence of the lettuce leaf or other matter.

"(c) Defendant failed to exercise due care in the maintenance of its produce aisle or that such alleged failure was a proximate cause of the accident."

The appellee presents her theory of the case in the following language:

"That the condition of the floor area in the place where plaintiff fell and the condition of the lettuce leaf upon which the plaintiff fell, and the absence of supervision and policing of the floor area was such to warrant the finding that the defendant had constructive notice of the presence of the lettuce leaf in question and thereby was liable to plaintiff for injuries covered by her fall on the said leaf.

"Constructive notice is notice imputed by law and is applicable in those instances where the plaintiff is unable to show that the defendant had actual notice of the unsafe condition. In the absence of proof of actual notice, the plaintiff may recover if there is evidence to show that the condition existed for such a period that in the exercise of reasonable care the defendant would have discovered the unsafe condition. . . ."

Appellee also presents a second theory. We quote:

"The plaintiff also relied upon the theory that the defendant was negligent in not maintaining proper cleaning and surveillance of the floor area, and thereby, by said act of omission, allowed a dangerous condition to arise which reasonably could have been foreseen by the defendant and which caused the plaintiff's injury and consequently, constructive notice of the lettuce leaf was not required."

We therefore have before us well defined issues.

This court has announced well established rules of law relating to the liability of a proprietor to a business invitee who slips on vegetable litter or debris and is injured from a fall on an interior floor of the proprietor's premises. In the recent case of *Smith v. Mr. D's, Inc.*, 197 Kan. 83, 415 P. 2d 251, our previous decisions were compiled and the rules announced. We quote from page 85 of the opinion:

". . . The defendant, as a proprietor, was under a duty to use ordinary care to keep in a reasonably safe condition those portions of its premises which could be expected to be used by invitees. The duty imposed on a proprietor is predicated on his superior knowledge over that of business invitees of any dangerous condition and his failure to give warning of the risk. However, a proprietor is not an insurer against all accidents which may befall invitees on the premises. (*Magness v. Sidmans Restaurants, Inc.*, 195 Kan. 30, 402 P. 2d 767; *Little v. Butner*, 186 Kan. 75, 348 P. 2d 1022.) The *Little* case has become a lodestar in this state on the subject of the liability of a proprietor to a business invitee who slips and falls on an interior floor of the proprietor's premises. (*Magness v. Sidmans Restaurants, Inc.*, supra; *Marietta v. Springer*, 193 Kan. 266, 392 P. 2d 858; *Reel v. Kress & Co.*, 192 Kan. 525, 389 P. 2d 831; *Muraski v. Inter-State Federal Savings & Loan Ass'n*, 189 Kan. 338, 369 P. 2d 226.)

"In those cases involving injuries to customers which result from a dangerous condition not created by the proprietor but traceable to persons other than those for whom the proprietor is responsible, proof that the proprietor was negligent with respect to the floor condition requires a showing that he had actual notice thereof or that the condition existed for such a length of time that in the exercise of ordinary care he should have known of it. (*Magness v. Sidmans Restaurants, Inc.*, supra; *Relahan v. F. W. Woolworth Co.*, 145 Kan. 884, 67 P. 2d 538.) Cases in this class are distinguished from those wherein the dangerous condition is one which is traceable to the proprietor's own act, that is, a condition negligently created or maintained by him or under his authority, or one in which he is shown to have taken action. In such instance, proof of notice is unnecessary. (*Marietta v. Springer*, supra; *Reel v. Kress & Co.*, supra; *Little v. Butner*, supra; *Walker v. S. H. Kress & Co.*, 147 Kan. 48, 75 P. 2d 820; *Thogmartin v. Koppel*, 145 Kan. 347, 65 P. 2d 571; *Bury v. Woolworth Co.*, 129 Kan. 514, 283 Pac. 917.)"

We would add that when produce is displayed in a self-service market and handled by customers, the storekeeper must take reasonable protective measures for the benefit of customers who might slip on debris dropped on the floor by a customer or employee and fall.

In *Magness v. Sidmans Restaurants, Inc.*, 195 Kan. 30, 402 P. 2d 767, at page 32, we stated:

"It is the duty of a proprietor in the control of his business to use due care to keep those portions of the premises where guests or customers may be expected to come and go, in a reasonable safe condition, and he is liable to those who without their own fault are injured by his failure to do so. The true ground for liability is his superior knowledge over that of business invitees of any dangerous condition and his failure to giving warning of the risk. However, he is not an insurer against all accidents which may befall them upon the premises. (*Little v. Butner,* 186 Kan. 75, 80, 348 P. 2d 1022, and cases cited.)"

Although the proprietor of a store is not an insurer of the safety of his customers, he is obliged to exercise ordinary care to keep the store in a reasonably safe condition so as not to cause injury to business invitees.

When greens are sold from open bins on a self-service basis, there is the likelihood that some will fall or be dropped to the floor and if the operator chooses to sell in this way, he must do what is reasonably necessary to protect the customer from the risk of injury that mode of operation is likely to generate.

The appellant stresses length of time the debris has been on the floor as proof of constructive notice on the part of the proprietor. Length of time is an elastic measure. A small store where customers are few would require little vigilance while a store with heavy traffic in the produce aisles might require almost constant attention.

Vigilance of a storekeeper in keeping his floor clean must be commensurate with the risk involved.

With the above rules in mind let us examine the evidence in more detail.

The appellant, Mrs. Maytum and Mr. and Mrs. Howard Doerflinger testified that the floor was dirty and littered with trampled cigarette butts and other debris. Mrs. Doerflinger testified that the floor was so dirty that it was difficult to tell the color. In Mr. Doerflinger's words, the floor "couldn't have been swept 15 minutes till 9:00 and mopped and look like it did." Further, the witnesses testified that the lettuce leaf upon which the plaintiff fell appeared "wilted," "limp and mashed," "as though it had been there for some length of time." Defendant's own employees acknowledged the danger of debris being deposited on the floor "continually" and that it required "constant" cleaning, yet the evidence clearly showed that Mr. Bagley was the only one in charge of the produce aisle that evening and that he left at 9:00 p. m., one hour before closing time. There was evidence that the floor was last viewed by an

employee of the appellant's at 8:45 p. m. The appellee fell between 9:10 and 9:15 p. m.

This court has recognized the rule that the condition of a lettuce leaf immediately after it was slipped upon was of probative value in determining the length of time it was on the floor of the store if the evidence tends to show the condition of the lettuce as it existed before being stepped on. (*Smith v. Mr. D's, Inc.*, supra, *l. c.* 89.)

We must conclude that there was sufficient evidence to go to the jury on the question of constructive notice and also on the question of whether the proprietor exercised due care in the maintenance of the produce aisle.

Although in the statement of facts we have referred to the testimony of appellant's employees which tend somewhat to refute the testimony referred to above, it was the function of the jury to weigh the evidence and to pass on the credibility of the witnesses.

The appellant claims error in the admission of the opinion testimony of an expert on the question of produce aisle maintenance.

Jack L. Martin, produce supervisor for the Safeway Stores, Kansas City Division, who had been connected with the produce departments of Mammel's Stores and Safeway Stores for many years, testified:

"Q. . . . In your opinion, based upon your experience in this field, and your knowledge, do you have an opinion as to what a reasonable man operating a store the size and volume about which you've testified would do to maintain the floor in a produce area?

"A. I think they should have a regular sweeping schedule where the store is swept, entire store, at regular intervals during the day and in the produce department, especially during the high traffic periods, it should be swept at more frequent intervals, and they should also have somebody that's responsible for keeping the produce area in a good clean state.

"A. Well, really, I think your—your heavy traffic days like Fridays and Saturdays, your larger stores would run a thousand dollar produce business in one day. And especially on these days, they should have someone checking at least 15 to 20 minute intervals. Now, if the business is less, you got less traffic throughout the produce department, and possibly it wouldn't be quite as necessary to make that close a check."

The subject was such that the opinion of one with many years experience in the field might well be helpful to the jury. We think the testimony fell within the provisions of K. S. A. 60-456 (*b*) which reads:

"If the witness is testifying as an expert, testimony of the witness in the form of opinions or inferences is limited to such opinions as the judge finds are (1) based on facts or data perceived by or personally known or made known to the witness at the hearing and (2) within the scope of the special knowledge, skill, experience or training possessed by the witness."

In *Howard v. Stoughton,* 199 Kan. 787, 433 P. 2d 567, we stated at page 790 of the opinion:

"The qualifications of an expert witness and the admissibility of his testimony are matters within the sound discretion of the trial judge. (*Taylor v. Maxwell,* 197 Kan. 509, 419 P. 2d 822.) There is no requirement that questions be hypothetical in form when an expert witness is presented the facts in some other acceptable manner. (K. S. A. 60-458; Gard, Kansas Code of Civil Procedure, § 458.) He may render an opinion based on facts or data within his personal knowledge or observation, or made known to him at the hearing. (K. S. A. 60-456 [*b*]; *Van Welden v. Ramsay's, Inc.,* 199 Kan. 417, 430 P. 2d 298.) . . ."

A careful examination of the record discloses no reversible error. The judgment is affirmed.

APPROVED BY THE COURT.