**Nola SIPPLE, Plaintiff,**

v.

**SEARS, ROEBUCK & COMPANY,
Defendant.**

Civ. A. No. 82–2039.

United States District Court,
D. of Kansas.

Dec. 29, 1982.

Felix G. Kancel, Kansas City, Kan., for plaintiff.

J. Nick Badgerow, McAnany, Van Cleave & Phillips, P.C., Kansas City, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's motion for summary judgment. This is a negligence action based on an alleged slip-and-fall accident in defendant's store at 95th Street and Metcalf Avenue in Overland Park, Kansas. Defendant has set forth a statement of facts which it contends are uncontroverted and supported by competent evidence. Plaintiff makes no objection to the statement of facts; therefore, we deem them admitted for purposes of ruling on this motion. Rule 15(c), Rules of Practice for the United States District Court for the District of Kansas.

In a light most favorable to the party opposing the motion, the court finds the following facts. Plaintiff is a thirty-six (36) year old resident of Kansas City, Kansas. On or about August 29, 1982, plaintiff and her husband walked into defendant's store through the first floor entrance from the indoor shopping mall at 95th & Metcalf in Overland Park, Kansas. The isle or walkway at that location is composed of hard tile and is about twelve to fifteen feet wide. As the couple entered the store, plaintiff released her grip on her husband's arm because she saw some flowers that interested her. At that point, in her words, she "slipped on something hard," her right foot slipped out from under her, and she fell backwards, injuring her head and back and causing plaintiff to incur medical bills and to suffer pain and disability which continues to this day. Plaintiff did not see anything on the floor, either before or after the accident, to cause her fall, although she told one of her physicians that she had slipped on a waxy substance. Plaintiff's husband told her after she fell that he saw a cigarette butt on the floor, and plaintiff now claims she stepped on the cigarette butt and that the cigarette butt caused her slip and fall. Plaintiff stipulates, however, that she has no knowledge, information or evidence to indicate how long the cigarette butt was on the floor of the store prior to her fall on August 29, 1981. *See* Pretrial Order, p. 5(6)(d).

Defendant moves for summary judgment based on this stipulation. Defendant argues that it is entitled to judgment as a matter of law because plaintiff cannot prove how long the cigarette butt was on the floor before she stepped on it and fell, if such actually occurred. Plaintiff responds that defendant does not maintain ash trays

or other receptacles in its store, and it is therefore foreseeable that people in the store will throw cigarette butts on the floor because they have no other means of disposing of them. We will apply the laws of Kansas to this tort action. Under the laws of Kansas, the appropriate consideration is not foreseeability, it is notice.

The leading case in Kansas is *Little v. Butner,* 186 Kan. 75, 348 P.2d 1022 (1960). In that case, the court reviewed prior Kansas case law and discussed the liability of a proprietor of a business to persons who slip and fall on interior floors. The court held that the liability of a proprietor of a business is predicated upon his superior knowledge concerning dangerous conditions and his failure to warn persons present of the risk. With respect to a plaintiff's burden of proving that the proprietor of the store in which the plaintiff was injured had notice of an alleged dangerous condition, the court divided the cases into two classes: (1) injury to customers caused by dangerous conditions negligently created or maintained by the proprietor or his servants; and (2) injuries due to dangerous conditions coming about through no active fault of the proprietor, and not involving an instrumentality employed by him in the conduct of his business.

In the first category, the dangerous condition is traceable to the proprietor's own act, that is, a condition created by him or under his authority, or one in which he is shown to have taken action. In such a case, plaintiff need not show that the proprietor of the business had notice of the dangerous condition. Under the cases in the second class, where the floor has been made dangerous by the presence of a dangerous condition traceable to persons for whom the proprietor is not responsible, proof of the proprietor's negligence requires a showing that he had actual knowledge of the dangerous condition, or that the dangerous condition existed for such a length of time that in the exercise of reasonable care the proprietor of the business should have known of it.

The *Little* case has become a lodestar in this state on the subject of the liability of a proprietor to a business invitee who slips and falls on an interior floor of the proprietor's premises. *Smith v. Mr. D's, Inc.,* 197 Kan. 83, 415 P.2d 251 (1966). The *Little* case follows the majority rule in the United States and is supported by a clear line of precedent.

For example, in *Goddard v. Boston & Maine Railroad Co.,* 179 Mass. 52, 60 N.E. 486 (1901), Chief Justice Holmes, held that a plaintiff could not avoid a directed verdict in a case in which he fell upon a banana skin lying on the platform of defendant's railway station in the absence of proof that the banana skin had been on the platform for a definite period of time before the accident took place.

In another case involving an accidental slip and fall caused by a banana peel, the same court, in *Anjou v. Boston Elevated Railway Co.,* 208 Mass. 273, 94 N.E. 386 (1911), held that evidence that the banana peel felt "dirt dry, gritty, as if there were dirt upon it," and as if "trampled over a good deal," as "flattened down and black in color," "every bit of it was black, there wasn't a particle of yellow," and as "black, flattened out and gritty," was sufficient evidence of negligence of the proprietor of the business to avoid a directed verdict. The evidence of the appearance and condition of the banana peel was such that the inference might have been drawn that it had been on the train platform a considerable period of time before plaintiff stepped on it, slipped and fell. There was further evidence that the banana peel was in such a position that it would have been seen and removed by employees of the defendant had they been reasonably careful in performing their duty. Therefore, the inference was permissible that the dangerous banana peel had been on the floor for a long enough period of time that defendant would have constructive notice of its presence.

The Fourth Circuit Court of Appeals, in *Joye v. Great Atlantic and Pacific Tea Co.,* 405 F.2d 464 (4th Cir.1968), restated the rule that the proprietor of a business is not

liable to a business invitee who slips and falls on his interior floor unless there is proof that the defendant actually caused by its own acts a dangerous condition, had actual notice of the existence of a dangerous condition, or had constructive notice of the condition because the dangerous litter, a banana peel, had been on the floor a sufficiently long length of time. In *Joye,* the court reversed a jury verdict in plaintiff's favor and remanded the case because there was no evidence from which the jury could have decided whether the banana peel had been on defendant's floor for thirty seconds or three days, or any length of time in between.

Consideration of these cases, and other Kansas cases [*e.g., Carter v. Food Center, Inc.,* 207 Kan. 332, 485 P.2d 306 (1971); *Elrod v. Walls, Inc.,* 205 Kan. 808, 473 P.2d 12 (1970); *Knowles v. Klase,* 204 Kan. 156, 460 P.2d 444 (1969)] leads us to conclude that defendant's motion should be sustained.

There is no evidence in this case that defendant or any of its agents placed the cigarette butt on the floor, and there is no evidence in the case that defendant or any of its agents had actual knowledge that the cigarette butt was on the floor. It is undisputed that plaintiff was a business invitee at the time of her slip and fall. However, plaintiff's status as a business invitee, and the mere presence of the cigarette butt on the floor of defendant's store, does not show actionable negligence. This condition might have occurred in defendant's store without any negligence. In order to overrule defendant's motion for summary judgment, it is necessary that plaintiff show that the cigarette butt, if it existed, had remained on the floor long enough to charge the defendant with constructive notice of its presence. In this case, there is no evidence that the cigarette butt had been on the floor any length of time before the accident. Plaintiff has failed to show that defendant had any knowledge, actual or constructive, of the presence of the cigarette butt alleged in plaintiff's complaint to have been on the floor, nor are there any facts from which notice could be implied.

Although we are reluctant to grant a motion for summary judgment in a negligence case, such a conclusion is inescapable in this one. *Relahan v. F.W. Woolworth Co.,* 145 Kan. 884, 67 P.2d 538 (1937).

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion for summary judgment is hereby sustained, and IT IS HEREBY ORDERED that judgment be entered in favor of defendant and against plaintiff on her cause of action.